ALBERT PIRAGNOLI, as Administrator of the Estate of ERMINIA PIRAGNOLI, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30059.) ALBERT PIRAGNOLI, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30202.) — Appeal by the State from two judgments rendered against it by the Court of Claims, one in favor of claimant individually for personal injuries and the other for him as administrator of the estate of his deceased wife for her wrongful death and her conscious pain and suffering. The claims were jointly tried. They arose from an automobile accident wherein the claimant, driving his wife's car in which she was riding, so operated it, about midnight, down a grade at a right hand curve, as he was proceeding westerly on State Highway Route No. 81, near Cooksburg, N. Y., that it swayed or skidded off the highway and went down an embankment to its left as it had been proceeding. It was a clear summer night and the concrete road pavement was in good condition. The negligence of the State which has been ascribed as the sole cause of

the accident has been grounded upon the State's failure to maintain an adequate sign to warn of the curve and downgrade, and also white lines in the center of the two panel concrete pavement. We are unable to agree that the evidence sustains the findings as to the State's negligence as a proximate cause of the accident or claimant's freedom from contributory negligence. The State lawfully maintained an unreflectorized road sign warning of the curve. It was in good condition, of conventional size, design and location and faced claimant as he was proceeding up to 195 feet from the commencement of the curve. While its unreflectorized composition and distance from the curve was not in accord with the most recent recommendations, it was lawfully serviceable and in all respects identical with those commonly met with and currently and lawfully maintained. It was adequate to warn a reasonably careful driver. The claimant, Piragnoli, was the only eye witness to the accident who testified. His two nieces also riding with him and who survived were not called. His version was that his vision was momentarily blinded or dimmed by the high beam headlights of an approaching car and that when his vision cleared he was so near to or into the curve that, as he testified, " it looked like the road was going straight, and it was too late for me to make a turn and I swerved the car and jammed my brakes on, but I was too late." He said he had driven up the grade and around this curve earlier the same night. The evidence fails to establish that either any inadequacy of the State's warning sign or signs, or the absence of painted center lines on the pavement, was a proximate cause of the accident. Instead the proof is ample that it was due to the negligence of claimant which is imputable to him as administrator (*Gochee* v. *Wagner,* 257 N. Y. 344), in the way and manner he operated his wife's car, and, if his version of the happenstance is correct, also some third party. Judgments reversed, on the facts and on the law, and the claims dismissed, without costs. As regards both claims, all findings of fact and conclusions of law inconsistent herewith are disapproved and new findings of fact and conclusions of law are made in conformity hereto. Settle order on notice. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., dissents and votes to affirm.