ANGELINE CANEPA, as Guardian ad Litem of JOHN CANEPA, JR., an Infant, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 29875.)

JOHN CANEPA, SR., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 29876.)

JOSEPH I. GORIN, as Limited Administrator of the Estate of NELSON M. GORIN, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 30116.)

Fourth Department, May 28, 1953.

*Arthur VD. Chamberlain* for Angeline Canepa and another, respondents.

*Seymour Bernstein* for Joseph I. Gorin, respondent.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* and *Wendell P. Brown* of counsel), for appellant.

*Per Curiam.* This is an appeal by the State from three judgments rendered against it by the Court of Claims, one in favor

of Joseph I. Gorin, as administrator of Nelson M. Gorin, for the wrongful death of his son, Nelson M. Gorin; the second, in favor of John Canepa, Jr. for personal injuries; and the third in favor of John Canepa, Sr. for damages to his automobile, and for medical expenses incurred and loss of services sustained by reason of his son's injuries.

These claims, which were tried jointly, arose out of an automobile accident that occurred on April 22, 1949, at about 1:00 A.M. near Manchester, New York. The automobile, owned by John Canepa, Sr., was at the time of the mishap being driven in an easterly direction along State Highway 96 by one Gerald B. Cramer. Present in the car with Cramer were John Canepa, Jr., Robert Walther, and the deceased, Nelson M. Gorin.

The injuries and damages to the automobile were sustained when the automobile failed to negotiate a sharp and ascending turn to the left and ran into the guardrail which protected the curve on the right side of the highway as the vehicle proceeded. The highway at this point after passing through the abrupt curve mentioned above enters upon a bridge which carries it over the tracks of the Lehigh Valley Railroad.

It has been found by the Court of Claims that the sole proximate cause of this accident was the failure of the State to erect signs which would give adequate and timely warning of the curve and of the need to slow the automobile in order to safely negotiate the turn. It was also found that the driver, Gerald B. Cramer, was not guilty of any negligence which caused or contributed to the accident.

Cramer was the only witness who was able to testify as to the happening of the accident. Canepa and Walther were asleep. Cramer testified that the pavement was dry and the night was clear; that he did not observe the warning signs as he approached the curve; that he thought the highway turned to the right (when in fact it turned to the left); that he turned right and into the guardrail.

The State, while conceding that the curve had " dangerous potentialities," maintains that it gave adequate warning to approaching motorists. The evidence discloses that a reflectorized slow sign surmounted with a curved arrow pointing to the left is located about 800 feet west of the beginning of the curve. A second reflectorized slow sign is located about 230 feet westerly from the curve. The third and last reflectorized slow sign is located on the outside of the curve and about 98 feet west of the westerly abutment of the bridge. In addition to the signs referred to there are eleven reflectorized delineators located

immediately adjacent to the guardrail along the outside of the curve. This guardrail which extends for a distance of approximately 250 feet is 12 inches in height and is painted with black and white stripes. On the inner side of the curve are a guardrail and ten delineators. The highway is divided in the center by a white line — double line in places — which indicates the course and direction of the roadway.

While the type and location of the warning signs erected and maintained on the highway by the State of New York were not in conformity with the most recent recommendations of the State Traffic Commission, they were lawfully serviceable and lawfully maintained and they furnished adequate and timely warning to the driver who proceeded with reasonable care. The evidence fails to establish that the claimed discrepancies in the type and location of the signs were the proximate cause of the accident. Indeed it shows clearly that Cramer failed to observe and heed the signs that were present and visible and that the car crashed into the guardrail because Cramer mistakenly turned away from the direction of the curve.

We conclude therefore that the sole proximate cause of this accident was the negligent operation of the automobile by its driver, Gerald Cramer. (See *Piragnoli* v. *State of New York,* 280 App. Div. 849, affd. 305 N. Y. 586.)

The judgments should be reversed on the law and facts and the claims dismissed, without costs.

All concur, except McCurn and Wheeler, JJ., who dissent and vote for affirmance. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

Judgments reversed on the law and facts, without costs of this appeal to either party, and claims dismissed, without costs. Certain findings of fact disapproved and reversed and new findings made.