OLIVE APPLEBEE, as Administratrix of the Estate of CHARLES W. APPLEBEE, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 31652.)

RUTH I. McGUIRE, Individually and as Administratrix of the Estate of CHARLES J. McGUIRE, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 31183.)

Fourth Department, July 8, 1954.

*Charles Dengel, William L. Shumate* and *Thomas C. Cusack* for Olive Applebee, appellant.

*Bradford F. Miller* for Ruth I. McGuire, appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown* and *Henry S. Manley* of counsel), for respondent.

VAUGHAN, J. The two claims, the subject of these appeals, arise out of collisions involving two automobiles and a Greyhound bus, which occurred at the intersection of Fisk Road and Route 96-A in the town of Romulus, Seneca County, New York. Route 96-A is a heavily traveled two-lane concrete State highway. It runs in a generally northerly and southerly direction and is intersected by Fisk Road, a black top macadam county highway eighteen feet in width which runs in a generally easterly and westerly direction.

November 4, 1951, the day of the accident, was clear and sunny and the road surfaces were dry. Around two thirty o'clock on the afternoon of that day an automobile being operated by Marilyn Steinmiller in an easterly direction along Fisk Road proceeded without stopping into the intersection where it was struck by an automobile being operated in a southerly direction along Route 96-A by Joseph McGuire. The impact forced the colliding cars into the pathway of the approaching northbound bus which collided with the McGuire car, causing that car to again collide with the Steinmiller car. Charles Applebee, the operator of the bus received serious injuries from

which he died some four hours later. Joseph McGuire, the operator of the southbound car, was killed at the time of the collision.

As the Steinmiller car approached the intersection, it was moving about fifteen to twenty miles an hour. When the car reached a point approximately twenty feet from the intersection, the operator having observed that she was approaching an intersection, took her foot off the accelerator and slowed down. About that same time she made observations to her left but saw nothing approaching from that direction. Her sight distance to the left or toward the north along Route 96-A was somewhat restricted by the Varsity Inn which was located on the northwest corner of the intersection some twenty feet west of the pavement of Route 96-A.

The New York State Traffic Commission, by order dated January 10, 1949, and by correcting order dated January 28, 1949, directed the erection and maintenance on Fisk Road of signs directing drivers of vehicles to bring their vehicles to a stop before entering the intersection. In compliance with that order, stop signs were erected and thereafter maintained until September 17, 1951, when the stop sign at the southwest corner of the intersection was knocked over by an automobile. The State highway department was notified the same day but failed to take any steps to re-erect or repair the same prior to the accident under review.

Among the warrants for the erection of stop signs are volume and/or speed of traffic. The record discloses, and the court in its decision recognized, that Route 96-A " was heavily travelled by automobiles at high speeds ". We therefore assume, for the purposes of this appeal, that the orders directing the erection and maintenance of stop signs were justified because of the dangerous character of the intersection.

The Court of Claims found that both the deceased Applebee and the deceased McGuire were free from negligence contributing to the accident; that Marilyn Steinmiller was guilty of gross negligence which was the sole proximate cause of the accident and that the accident was not due to negligence of the State of New York, its officers and employees. Both claims were dismissed and the subject appeals follow.

We cannot accept the finding that the sole proximate cause of the accident was gross negligence on the part of Miss Steinmiller or that the failure of the State of New York to repair or replace the damaged sign was not a concurring proximate or contributing cause of the accident. The court in its memo-

randum decision was of the opinion that in view of the admissions of Miss Steinmiller that she was aware that she was approaching an intersection, the absence of a stop sign did not contribute in any way to the happening of the accident. We do not adopt such reasoning. It may be that the presence of the sign would not have added anything to Miss Steinmiller's knowledge that she was approaching an intersection. However, the absence of the stop sign we believe " cannot be ruled out of the case as being causally unconnected with the happening of the accident." The stop sign prior to its destruction on September 17, 1951, was located thirty-six feet west of the west edge of Route 96-A. The Vehicle and Traffic Law (§ 95-d) provides that such a stop sign shall be plainly visible for a distance of at least fifty feet. Had such a sign been maintained at the intersection on the day in question, Miss Steinmiller would have had warning of the intersection while she was still at a minimum distance of eighty-six feet therefrom. What is of still greater moment, such sign would have given Miss Steinmiller warning of the need to take appropriate action and bring her car to a complete stop as required by statute before entering this dangerous intersection. The sole purpose of the sign was to regulate cross traffic at the intersection and was to protect travelers upon the main highway from accident at the intersection. We may not assume that adequate warning signs would not have been heeded (*Nuss* v. *State of New York*, 195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768) but may assume that had the stop sign been in position Marilyn Steinmiller would have observed it and stopped pursuant to its mandate.

We reach the conclusion that if Miss Steinmiller was grossly negligent — and there appears considerable doubt on this score — her negligence at most would be a cause concurring with the negligence of the State of New York to bring about the accident. " The negligence of the defendant cannot be excluded, as one of the actual causes of the accident, unless it can be said with certainty that, even if the defendant had not been negligent, the accident would nevertheless have happened. It is not enough to speculate ' that the same harm might possibly have been sustained had the actor not been negligent ' (Restatement, Torts, § 432, comment c) " (*Rugg* v. *State of New York*, 284 App. Div. 179, 182). It seems clear that the failure of the State of New York to repair or replace the destroyed sign was a proximate cause of the fatal accidents and that the State is liable therefor. The following cases, we believe, support the conclusion arrived

at: (*Foley* v. *State of New York*, 265 App. Div. 682; *Nuss* v. *State of New York*, 195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768, *supra*; *Croniser* v. *State of New York*, 195 Misc. 576; *Eastman* v. *State of New York*, 303 N. Y. 691; *Van de Walker* v. *State of New York*, 278 N. Y. 454).

In view of the age and earning capacity of the respective decedents, we feel that awards of $45,000 for pecuniary loss and $10,000 for conscious pain and suffering in the *Applebee* case and of $40,000 for pecuniary loss in the *McGuire* case appear reasonable.

The judgments appealed from should be reversed on the law and facts, certain findings disapproved and reversed and new findings made, and judgments directed for the amounts above indicated in favor of the respective claimants.

PIPER, J. (dissenting). I cannot agree with the majority that the failure of the State to repair the stop sign was a proximate cause of the accident. The trial court has found that the accident was caused solely by the negligence of Miss Steinmiller and that finding is supported by the evidence. The accident happened in the daytime, 2:30 P.M., it was not raining, the pavement was dry and the visibility was good. Miss Steinmiller saw the intersection, approached it at a speed of twenty miles per hour or less, knew that Route 96-A was a heavily traveled highway and intended to turn upon it and proceed towards Rochester. She says she stopped her car when it was one and one-half feet into the intersection. Had she stopped two feet westerly from the point she did stop, the accident would have been avoided. Nothing in this record indicates she would have stopped sooner if the stop sign had been in place.

The facts in the *Nuss* case (*Nuss* v. *State of New York*, 195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768), relied upon by the majority are not similar. In that case the accident happened in the nighttime and the driver, Sawyer, testified he did not see the intersection until it was too late to stop before entering it, and the trial court found that if the stop sign had been clearly visible Sawyer would have been warned of the dangerous intersection.

*Foley* v. *State of New York* (294 N. Y. 275) and *Eastman* v. *State of New York* (303 N. Y. 691) are both clearly distinguishable on the facts.

Section 8 of the Court of Claims Act waives the State's immunity from liability and the State assumes liability under the same rules of law as applied to individuals or corporations

in actions in the Supreme Court. The State does not thereby insure the drivers and passengers of motor vehicles against injury while traveling upon State highways. The rules of negligence, contributory negligence and proximate cause are as applicable here as they would have been if the claimants had brought an action in Supreme Court against an individual who was charged with the duty of maintaining the stop sign in question. Assuming such a duty on the part of such an individual defendant, and that his negligence was clearly established by the proof, it would still be a question of fact for the jury to determine whether or not his negligence was the proximate cause of this accident, and I doubt that a jury verdict for the individual defendant would be set aside by any appellate court on this record.

The proximate cause of an accident is, as I understand it, that which in a natural and continuous sequence, unbroken by any new cause, produces that accident and without which that accident would not have occurred. Here there is evidence from Miss Steinmiller that she saw the intersection, that she was traveling at a relatively slow speed; she presumably intended to turn at the intersection. What warning or knowledge would a stop sign have given her that she did not have? I can find no evidence from which an inference can be drawn that the absence of the stop sign was a proximate cause of the collision.

The Court of Claims Judge who tried this case heard the evidence and passed on that question. He found that the absence of the stop sign was not the proximate cause of this accident. I find no evidence in this record that requires us to reverse that finding. The decision of the trial court on the question of fact should be given as much weight as a jury verdict in an action in Supreme Court.

The judgments of the Court of Claims should be affirmed.

All concur, except PIPER, J., who dissents and votes for affirmance in a separate opinion. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and VAN DUSER, JJ.

Judgment on claim No. 31652 reversed on the law and facts, with costs, and judgment directed in favor of the claimant for the sum of $45,000, with interest, for pecuniary loss, and $10,000 for conscious pain and suffering. Certain findings of fact and conclusion of law disapproved and reversed and new findings and conclusion made.

Judgment on claim No. 31183 reversed on the law and facts, with costs, and judgment directed in favor of claimant for the sum of $40,000 with interest. Certain findings of fact and conclusion of law disapproved and reversed and new findings and conclusion made.