Charles T. Major, J.
About 10:00 a.m. on January 4, 1952 a 1949 DeSoto automobile operated by Charles E. Basher and owned by his wife, Margaret Basher, and a 1950 Buick owned and operated by Benjamin Bresky collided on New York State Highway Boute No. 17 within the corporate limits of the village of Bloomingburg, Sullivan County. Margaret Basher, wife of Charles E. Basher, was riding with her husband, and Samuel H. Griff was a passenger in the Bresky car. The Basher car was practically demolished and the Bresky car was badly damaged. Margaret Basher was killed and all others involved were seriously injured.
Howard William Basher was appointed administrator of the estate of Margaret Basher, deceased.
In a compromise of a Supreme Court action in Sullivan County prior to the trial of these claims, claimants Samuel H. *326 Griff and Benjamin Bresky each received $19,000 from Charles E. Basher and Margaret Basher, but reserved their rights to file claims against the State.
Boute No. 17 in the area of the accident was a two-lane, three-strip concrete highway about 30 feet wide, on a grade descending toward the west. For the purposes of the trial, it was stipulated that the route be considered as extending east and west. Along the northerly shoulder was a concrete gutter which drained the water from the highway, adjoining shoulder and lands down the hill to a culvert. About 3:00 p.m. on the day before the accident, this gutter had been cleaned and was free from obstructions. Salt and chlorine were put in to prevent freezing. The culvert and catch basin were also in a clean and proper condition. In this area, snow had fallen two days before, and the highway had been plowed. The temperature was under freezing. The road was clear and dry, except at the place of the accident water had overflowed from the gutter onto the westerly lane of the highway at the driveway of one Mr. Clark. There, it formed a small puddle which was tracked and carried by cars westerly along the westbound lane for a distance of 150 to 200 feet, and froze thereon, forming a thin film over the concrete. The Basher car struck this water and ice, and the driver lost control thereof, and it went into a skid until it collided with the Bresky car after traveling about 150 feet. Upon seeing the Basher car approaching, Bresky pulled to his extreme right against a snow bank and came to a virtual stop before being struck.
The driver of the Basher car saw this water on the highway about 500 feet before he entered it. He testified as to an unchanged speed of 25 miles per hour throughout this area and up to the collision. The evidence does not show that he took any specific action, except to drive through at the same speed. The general facts and circumstances cause the court to form an opinion that the Basher car was traveling much in excess of 25 miles per hour, and the driver thereof did not operate his car and act in a manner expected of a prudent man under similar circumstances and conditions. The driver of the Basher car was guilty of contributory negligence. His wife owned the car and as a passenger at the time, his negligence may be imputed to her and her administrator. (Piragnoli v. State of New York, 280 App. Div. 849, affd. 305 N. Y. 586.)
The State has a duty to construct and maintain its highways in a reasonably safe condition, in accordance with the terrain encountered and traffic conditions to be reasonably apprehended. But even so, a certain risk was unavoidable. Boads cannot *327 always be straight and level, and curves with descending grades are always potentially dangerous. A highway may be said to be reasonably safe when people who exercise ordinary care can and do travel over it safely. (Boyce Motor Lines v. State of New York, 280 App. Div. 693, 696, affd. 306 N. Y. 801.) The State is not responsible for the weather. The highway, gutter, drop inlet and culvert were properly constructed and maintained. The water on the highway and the ice resulting therefrom were brought about by the obstruction of the northerly gutter by the adjoining owner, Mr. Clark, who placed or caused to be placed thereon, boards and planks so that he could drive over the gutter. This was done some time between 3:00 p.m. the preceding day, January 3, when State employees completed cleaning operations, and the time of the. accident. The water around this obstruction froze into ice and slush, and dammed back the water and forced it out into the highway.
The adjoining owner had certain privileges of temporary obstructions, but the law requires that they be removed without causing damage. (Highway Law, §§ 319-320; Penal Law, §§ 1423,1530; Tinker v. New York, Ontario & Western Ry. Co., 157 N. Y. 312; Lyman v. Village of Potsdam, 228 N. Y. 398; Sweet v. Perkins, 196 N. Y. 482.) Clark did not remove the obstructions from the gutter after they served his purpose. A very short time before the accident, the maintenance man who was sanding in another part of his territory, was informed of the condition at the scene of the accident, and he left immediately to take care of it. The State had no other notice and this notice was insufficient. The maintenance man did all that could be expected of him under the circumstances.
Mr. Clark had caused similar obstructions about once or twice a year for many years to cross with a load of coal. The State has the right to assume that adjoining owners will obey the law. The failure of Clark to remove this obstruction was negligence and a proximate cause of this accident, and this together with the contributory negligence of the driver of the Basher car brought about the injuries and damages resulting from this accident. Claimants Benjamin Bresky and Samuel H. Griff were free of negligence.
The State of New York was free of negligence.
All of the four above-entitled claims are dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.