Arthur G. Klein, J.
In this action for wrongful death, the plaintiff recovered a verdict from the jury against the defendants National Structures Corporation, J. G. White Engineering Corporation, and the City of New York.
Cross complaints were asserted by the defendants the City of New York and J. G. White Engineering Corporation against their codefendant National Structures Corporation. J. G. White Engineering asserted also a cross complaint against the defendant the City of New York, and the latter cross-complained against the defendant J. G. White Engineering Corporation. By stipulation of the parties, the issues presented by the cross complaints were withdrawn from the consideration of the jury and their decision left to the court. The cross-complaining defendants accordingly move for judgment in their favor and the defendant National Structures moves to dismiss the cross complaints against it.
At the trial, the defendant the City of New York amended its cross complaint to plead its contract with National Structures and said contract was received in evidence. By its terms, the contractor, National Structures Corporation, agrees to “ indemnify and hold harmless the City ” from loss and liability upon any and all claims “ on account of injuries to persons or damage to property ” occurring “ on account of or in connection with the performance of the contract ”. This clearly relieves the city of any liability and judgment is accordingly awarded to the said defendant, the City of New York, on its cross complaint against the defendant National Structures Corporation.
The cross complaints of the defendant J. G-. White Engineering Corporation against the defendants National Structures Corporation and the City of New York are not founded upon any express contract of indemnity, but are based on the doctrine of implied indemnity, which has been described as a doctrine based upon principles of equity evolved by the courts to ameliorate, in exceptional circumstances, the rigor of the rule which forbids recourse between wrongdoers (Washington Gas Co. v. District of Columbia, 161 U. S. 316, 327). It applies in situations where the relationship between joint tort-feasors to one another or to the event indicates such a difference in their respective delinquencies that one may be said to be actually *687 or primarily, and the other only legally or secondarily, responsible for the happening of the consequent damages (Burke v. City of New York, 2 N Y 2d 90, concurring opinion of Eder, J., p. 96).
That doctrine, of course has no application where joint tortfeasors are in pari delicio and equally responsible for the resultant damage. In the present case, the evidence clearly establishes that National Structures and J. G-. White Engineering Company were each actually or primarily responsible for the happening of the consequent damages.
The defendant National Structures erected the fence and thus created the dangerous condition. The J. G. White Engineering Corporation, as general supervising engineer, under its contract with the city, was charged with the duty of compelling the removal of any dangerous condition created by the contractor or of providing reasonably sufficient warnings or safeguards. The failure to perform this obligation or duty constituted active negligence and prevents the defendant J. G. White Engineering Corporation from obtaining indemnification from the defendants National Structures Corporation and the City of New York (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Burke v. City of New York, 2 N Y 2d 90, supra).
Judgment is accordingly awarded to the defendant National Structures Corporation and to the defendant the City of New York, dismissing the cross complaints of the defendant J. G. White Engineering Corporation against these defendants on the law and the facts. Judgment is awarded to the defendant the City of New York on its cross complaint against the defendant J. G. White Engineering Corporation.
All motions on which the court reserved decision, including the motion by the defendant J. G. White Engineering Corp., to set aside the verdict and to dismiss the complaint as to it, are denied, with appropriate exceptions to the movants.
Thirty days’ stay and 60 days to make a case on appeal.