## (October 4, 1960)

■ HELEN KORSAK, as Administratrix of the Estate of MICHAEL J. KORSAK, Deceased, Respondent, v. CURRY AUTO RENTAL, INC., Defendant, NATIONAL STRUCTURES CORP. et al., Appellants-Respondents, and J. G. WHITE ENGINEERING CORP., Appellant.— Judgment unanimously modified, on the law and on the facts, to the following extent: Insofar as such judgment was rendered after verdict in the sum of $173,500 in favor of plaintiff against defendants-appellants it is reversed, the verdict vacated and a new trial ordered; insofar as such judgment was directed by the court dismissing the cross complaints of defendant J. G. White Engineering Corp. and granting recovery on the cross complaint of defendant the City of New York against defendants National Structures Corp. and J. G. White Engineering Corp. it is reversed and a new trial ordered, with costs among the parties to the appeal to abide the event, and the judgment is otherwise affirmed. On this record there were substantial issues of fact properly referred to the jury with respect to alleged negligence in erecting the fence, alleged negligence in failing to provide adequate advance warning of the fence, and alleged negligence on the part of the driver, McCarthy (whether such alleged negligence be regarded as the sole cause of the accident or as a contributing cause, and in either case whether it was imputable to Korsak, the deceased, or not). A new trial is required, however, because the amount of the verdict is grossly excessive, and because the Manual on Uniform Traffic Control Devices was improperly received in evidence, it not being an official record or report of extrinsic facts (see Richardson, Evidence [8th ed.], §§ 363, 620). Since a new trial is required it should be noted that if defendants had so requested they would have been entitled to a charge that in the event McCarthy is found to have been negligent, his negligence may not be imputed to Korsak unless the jury also finds that McCarthy was operating the car with Korsak's consent and that he was acting as Korsak's agent and under Korsak's direction and control. (*Selles* v. *Smith,* 4 N Y 2d 412; see, also, *Faust* v. *Central Greyhound Lines,* 298 N. Y. 721; *Gochee* v. *Wagner,* 257 N. Y. 344; *Piragnoli* v. *State of New York,* 280 App. Div. 849, affd. 305 N. Y. 586; cf. *Potts* v. *Pardee,* 220 N. Y. 431; see 4 N. Y. Jur., Automobiles, §§ 415, 418.) On this or a similar record: should J. G. White Engineering Corp. again be held liable in fact as a joint tort-feasor, it will be entitled, as a matter of law, to judgment on its cross complaint against the City of New York for breach of the contract provision to provide it with the same protection against liability as was obtained by the city in its contract with National Structures Corp., and against National Structures Corp. for the latter's failure to comply with the engineers' instructions to remove the fence given to it before January 30, 1954. Should the City of New York again be held liable in fact as a joint tort-feasor, it will be entitled, as a matter of law, to indemnity from National Structures Corp., as found by the trial court, under the express provision of the contract between them. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ. [17 Misc 2d 685.]