William G. Easton, J.
These are personal injuries claims arising out of an automobile accident which occurred at about 4:30 p.m. on August 31, 1958 at the intersection of Routes 11B and 122 in the Town of Bangor, Franklin County.
On the day of the accident herein an automobile operated by one Edward, with claimants Richardson and Dyer as passengers, proceeding southerly on Route 122 at its intersection with Route *608 11B collided with a car proceeding easterly on Route 11B. As result of the collision claimants Richardson and Dyer sustained personal injuries. Claimant Fairchild who was pumping gas at the gas station located at the intersection also was injured as result of the accident.
The respects in which it is claimed the State was negligent were among other things, in failing to replace a Stop sign after it had been removed, and in failing to give due warning of the fact.
For years prior to the date of this accident, the State of New York had erected and maintained a Stop sign at the northwest corner. Five days before the accident herein, a State highway maintenance crew using a ‘1 scoop ’ ’ type digging machine cleaned out and deepened the ditch near the Stop sign. In so doing, the machine removed earth up to one foot from the sign. At no time after this work was completed, was any inspection made to determine whether the sign was loosened by this earth removal work. It appears, therefore, that as result of this work, the Stop sign was either removed by the crew or was loosened by it so as to cause it to fall upon the ground. There is no doubt that the sign was not in place for a period of five days prior to the happening of the accident.
The evidence further discloses that as one approached the intersection from the north on Route 122, sight distance across the northwest quadrant and towards Route 11B to the west was obstructed by weeds, foliage and trees.
Upon the record before us, we find that at the time of this accident and for sometime prior thereto, a dangerous condition existed at this intersection and that the State had actual or constructive notice of its existence. It was the duty of the State to maintain the Stop sign in proper repair, alignment and position. The State’s failure to do so constitutes negligence which was a proximate cause of this accident. (Nuss v. State of New York, 195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768 ; Gurevitch v. State of New York, 284 App. Div. 717.) Claimants were not guilty of contributory negligence.
Claimant, Lucille Richardson, age 19, sustained a fractured skull, severe facial lacerations, bruises and lacerations of both knees, neck and upper back, was rendered unconscious for 4 days, was hospitalized for 13 days, and required plastic surgery for some correction of the facial lacerations. She has a permanent drooping upper right eyelid and now must wear eyeglasses. She necessarily incurred hospital and medical expenses in the reasonable sum of $978.82. She was permanently disabled for nine months and sustained a $10 per week loss of wages plus the rea *609 sonable value of her room and board. Claimant Richardson is entitled to an award in the sum of $12,500.
Claimant, Dyer, age 22, sustained severe lacerations of the back, concussion, temporary traumatic damage to kidneys and u disc-type injury to the lumbar spine resulting in a permanent weak hack. He was hospitalized for 13 days and thereafter con-lined to bed for 7 days. He sustained special damages, including loss of wages, in the sum of $568.04. As result of the back injury, claimant now suffers from a permanent weak back and will be unable to do any heavy work in the future. Claimant Dyer is entitled to an award in the sum of $7,500.
Claimant, Fairchild, age 19, sustained head, hack and leg injuries. lie was hospitalized seven days and thereafter treated at his doctor’s office. lie was permanently disabled for a period of five months and sustained special damages including loss of wages in the sum of $1,378.30. Claimant’s back injuries resulted in a permanent chronic condition of the lumbosacral joint on the. left which will require intermittent treatment in the future. Ho will not he able to do any heavy work. As result of these injuries he has sustained a permanent diminution of earnings. Claimant Fairchild is entitled to an award in the sum of $15,000.