C. O. GRANAI, as Administrator of the Estate of MANLEY BARNEY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31014.)

C. O. GRANAI, as Administrator of the Estate of FRANCES BARNEY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31015.)

Court of Claims, December 21, 1954.

*George H. Vinette* for claimants.

*Nathaniel L. Goldstein, Attorney-General (James G. Austin* of counsel), for defendant.

MAJOR, J.    These claims arise out of an accident which occurred at about 11 A.M. on Sunday, July 15, 1951, at the intersection of Cherry Valley Road, also known as New York State Route 20, and Hitchings Road, which is a county road in the town of Onondaga, County of Onondaga, New York.

Authenticated copies of letters of administration from the Probate Court of Randolph District, Vermont, showing the appointment of C. O. Granai, as administrator of the estates of Manley Barney and Frances Barney, deceased, together with the administrator's affidavit set forth in section 160 of the Decedent Estate Law, are on file in the office of the clerk of this court in Albany, New York.

New York State Route 20 is a heavily traveled main thoroughfare, running easterly and westerly across the State.   A traffic count made on August 11, 1951, from 7:00 A.M. to 7:00 P.M.,

showed 4,772 vehicles passed at or near this intersection. At the scene of the accident, Route 20 is a concrete, two-strip highway, twenty feet wide. The usual shoulders and ditches border the highway, which is nearly level for some distances in both directions from the scene of the accident. Hitchings Road is a nineteen-foot macadam road, which runs uphill northerly and southerly, and crosses Route 20 at nearly right angles.

Hitchings' apple orchards border on both sides of these roads which limited the vision of motorists. A line of guideposts paralleled both sides of Hitchings Road south of the intersection, which were partially obscured by growing weeds and underbrush.

There was a STOP sign erected by the State in compliance with an order of the New York State Traffic Commission which was located about sixty-six feet north of the center line of Route 20, and nine feet west of the west line of the macadam on Hitchings Road. This sign is the usual sign erected near such intersections, two-foot square and yellow in color, with the words: '' THRU '' '' STOP '' '' TRAFFIC '' painted in black letters. The sign was mounted on a post so that the top of the sign was four feet two and one quarter inches from the ground.

To one driving south up Hitchings Road hill, the view or perspective was very deceiving, and gave the appearance of only a long hill ahead. The crossing at Route 20 was like a shelf across the hill, which could neither be seen nor anticipated by a stranger until he practically reached its bounds. A 6% grade approaches Route 20 from the south, and changes to a 10% grade on the north. There were no visible signs or warnings of danger or hazard to be encountered.

Manley Barney and Frances Barney, claimants' intestates, were husband and wife, residents of Barre, Vermont, and were returning home from a vacation in Milwaukee. They were riding their motorcycle as a mode of transportation. Henry McBride and Christine McBride, his wife, were accompanying them on another motorcycle. On the night previous to the accident, both couples stopped at Geneva, New York. On the morning of July 15, 1951, both couples started out on their motorcycles between 9:00 and 9:30, traveling on Route 20; thereafter, by direction, on Route 80; and on further inquiry near South Onondaga, they were advised to return to Route 20, and did so by way of Hitchings Road.

Just prior to the accident, Henry McBride was driving his motorcycle with his wife as a passenger, and was in the lead, being followed by the motorcycle driven by Manley Barney, with his wife as a passenger. Both motorcycles were traveling about

thirty miles per hour, as they traveled uphill on Hitchings Road toward Route 20. The McBride motorcycle crossed Route 20 safely. Mr. McBride testified that he did not know the road was there until he was crossing it and after he crossed Route 20, he learned that it was the highway which he was looking for, from a street sign on the far side in the southwest quadrant. He gradually slowed his cycle for a distance of about one hundred feet, intending to turn around. When McBride was about seventy-five feet south of Route 20, he heard a crash and upon returning to the intersection, he learned that there was a collision of the motorcycle driven by Manley Barney and an automobile owned and driven by Leon M. Hill, of Rochester, New York, traveling east on Route 20 at about forty miles per hour. As a result of said accident, Frances Barney died immediately, and Manley Barney was seriously injured and died in the hospital two days later — on July 17, 1951.

Neither the McBrides nor the Barneys had ever traveled the roads at or near the accident scene, and were total strangers thereto.

At the time of the accident, the sign hereinbefore described was hidden behind guideposts, weeds and wild growth, and was not plainly visible at all times for a distance of at least fifty feet and did not comply with section 95-d of the Vehicle and Traffic Law. It was the duty of the State to maintain such sign in proper repair, alignment and position. (*Nuss* v. *State of New York,* 195 Misc. 38, revd. 276 App. Div. 300, revd. 301 N. Y. 768; *Gurevitch* v. *State of New York,* 284 App. Div. 717; *Canepa* v. *State of New York,* 203 Misc. 694, revd. 282 App. Div. 145, revd. 306 N. Y. 272.)

This was a dangerous intersection and the State has failed in its duty to properly maintain a required sign and such failure constitutes negligence which was the proximate cause of this accident. Neither Manley Barney nor Frances Barney, claimants' intestates, was guilty of contributory negligence.

Both Manley Barney and Frances Barney, claimants' intestates, were in good health and condition. They left them surviving a son, age six, who was born on April 9, 1945, and is now living with his mother's parents.

Manley Barney, at the time of his death, was twenty-five years of age, and had a life expectancy of 38.81 years. His wife, Frances, was twenty-three years of age, with a life expectancy of 40.17 years. The motorcycle was owned by Manley Barney and the stipulated value thereof was $500, with $10 allowable as the salvage value of the wreckage. The hospital bill for

Mr. Barney was $205.05, and his funeral bill was $625.50. The funeral bill of Mrs. Barney was $612.

Mr. Barney was employed and received a salary of $2,935.36 for 1949; from January 1 to November 6, 1950, $2,371.05; and from February 5, 1951 to the date of his death, the sum of $1,205.20, which shows an average of about $240 per month. In addition, he operated a forty-five-acre farm which netted him about $50 per month.

Frances Barney, his wife, worked intermittently at an average wage of ninety-six cents per hour, and for that part of 1951, prior to her death, she had earned $787.96. The income of both decedents went into the common family fund.

The claimant, C. O. Granai, as administrator of the estate of Manley Barney, deceased, is entitled to recover damages against the State of New York, and is hereby awarded the sum of $30,000 for wrongful death; the sum of $490 for the motorcycle; $205.05 for hospital bill and $625.50 for funeral expenses, making a total award of $31,320.55, together with interest on the sum of $30,830.55 from July 17, 1951.

The claimant, C. O. Granai, as administrator of the estate of Frances Barney, deceased, is entitled to recover damages against the State of New York, and is hereby awarded the sum of $9,500 for wrongful death, and the sum of $612 for funeral expenses, making a total award of $10,112, together with interest thereon from July 15, 1951.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.