CARROLL, DONALD, K., Judge.
The plaintiff in a negligence action has appealed from a final judgment for the defendant entered by the Circuit Court for Duval County.
The sole question presented for our determination in this appeal is whether that court committed reversible error in entering the said judgment under our procedural rules governing the entry of summary judgments.
In his complaint against the defendant City of Jacksonville, a municipal corporation, and the defendant State of Florida Department of Transportation, the plaintiff alleges that the steel grating of the Main Street Bridge in the said city, when the bridge is wet, constitutes a dangerous, hazardous public nuisance to the traveling public utilizing the bridge for vehicular travel in that it was dangerously slippery *551 to motorists using the bridge to such an extent that it “reduced and/or eliminated the driver’s control of a motor vehicle crossing said metal grating.”
The complaint further alleges that the said bridge is “an integral part of the traffic ways” within the said city and the State of Florida and is open to vehicular traffic; that on the date in question and long prior thereto it was the duty of the city, “assumed by the city by historical usage, practice and control over the years” and more particularly by Ordinance 68-82-59 of the city, passed and approved on December 2, 1968 “to exercise reasonable care in warning the traveling public of the aforesaid dangerous and hazardous condition existing on the Main Street Bridge under the conditions alleged hereinbefore, to regulate the flow of traffic over said bridge . . . and to determine remedial measures for correcting the aforesaid conditions. . . .”
The complaint then alleges that on October 11, 1970, the plaintiff, exercising reasonable care for his own safety, was operating a motor vehicle across the said bridge during rain and inclement weather and, upon attempting to proceed in his motor vehicle across the said steel grating, the vehicle suddenly and without warning went out of control and collided with another motor vehicle, thereby seriously injuring ' the plaintiff, etc. The plaintiff then demanded judgment “against the Defendants or either of them. . . .”
The defendant Department of Transportation filed a motion to dismiss the complaint as to it, and the court granted the motion, dismissing the complaint as to the department. Such dismissal is not an issue in this appeal.
In its answer to the above complaint the defendant city included several defenses, including the following: denial of certain allegations of the complaint; the defense that the plaintiff was contributorily negligent; admission of the allegation that it was the Department’s duty to maintain the bridge; denial that the city had any duty to maintain the bridge or any right or power under the law to correct any alleged unsafe conditions on the bridge.
The defendant filed a motion for a summary judgment in its favor, pursuant to Rule 1.510, Florida Rules of Civil Procedure, 31 F.S.A., upon the ground that the pleadings and affidavits “filed herein show that there is no genuine issue of any material fact and this defendant is entitled to judgment as a matter of law.” One of the affidavits attached to the said motion was executed by the Division Chief of the Division of Streets and Highways of the city in which affidavit the affiant states that the city does not and never maintained the said bridge, which was constructed by the State and is wholly maintained by the Department of Transportation, which posts signs establishing speed limits and other conditions on the bridge.
Before the court at the said hearing was Ordinance 68-82-59, referred to in the above complaint.
The limitations of space forbid our setting forth this lengthy ordinance in full, but the following provisions seem to us to be particularly helpful in resolving the judicial problem before the Circuit Court and this court: “This Ordinance applies to all traffic ways. ... It shall be the duty of the Sheriff ... to enforce the provisions of this Ordinance and the state vehicle laws applicable to traffic in this municipality ... to cooperate with the Traffic Engineer and other officials of the municipality in the administration of the Traffic Ordinance and in developing ways and means to improve traffic conditions and to carry out those duties specially imposed by this Ordinance and the traffic ordinances of this municipality. Whenever the accidents at any particular location become numerous, the Sheriff’s Office shall cooperate with the Traffic Engineer in conducting studies of such accidents and determining remedial measures. . . . The Traffic Engineer, or the *552 Chief of Traffic, with the approval of the Sheriff, is hereby authorized and empowered to adopt, alter, delete or change such rules and regulations which are determined by an engineering study to be necessary to regulate and govern all traffic, both pe-destrial and vehicular, in this city not otherwise provided by ordinance. The Traffic Engineer shall place and maintain control signs, signals and devices when and as required by these traffic regulations and this Ordinance may place and maintain such additional traffic control devices as he may deem necessary to guide or warn traffic. . . . It is the duty of the officers of the Sheriff’s Office or such officers as are assigned by the Sheriff’s Office to enforce all traffic ordinances of this municipality and of the state vehicle laws applicable to street and highway traffic in this municipality. . . . ”
The key provision in our procedural rules governing the entry of summary judgments is found in Rule 1.510, Florida Rules of Civil Procedure, as follows: At the hearing on a motion for a summary judgment, the judgment sought “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”
In several decisions we have pointed out that both conditions must be met before entering a summary judgment — that is, there must be no genuine issue as to a material fact and the moving party must be entitled to a judgment as a matter of law. See, for instance, our decision in Clark v. City of Atlantic Beach, 124 So.2d 305 (Fla.App.1960), in which we said in part:
“Summary judgment should not be granted unless two conditions exist:
“(1) There is no genuine issue as to any material fact and
“(2) The moving party is entitled to judgment as a matter of law.”
Whether the summary judgment before us meets both of these conditions is a difficult question upon which conscientious judicial minds can well differ. However, we cannot agree, under the circumstances in evidence at the hearing on the motions for summary judgments, that the defendant city was entitled to a summary judgment as a matter of law.
As we view the law, one of the most important duties and responsibilities of a municipality is to protect its citizens from known dangers, such as traffic hazards, even though another government agency has the primary responsibility as to such conditions. We think that Ordinance 68-82-59 placed the duty upon the Sheriff’s Office, the Traffic Engineer’s Office, and other city officials to try to protect the citizenry against known traffic hazards, such as the steel grating on the bridge.
In the posture of this appeal our only proper responsibility is to • determine whether the Circuit Court correctly granted the defendant city’s motion for a summary judgment.
In support of his contention that the city had the duty and responsibility to eliminate a public nuisance, the plaintiff relies upon the decision of the Florida Supreme Court in City of Orlando v. Pragg, 31 Fla. 111, 12 So. 368 (1893), in which that court held:
“On the other hand, if the city, under this general power, [abatement] is proceeding against that as a nuisance which is in fact such because of its nature, situation, or use, it is then under the' obligation to exercise the power of abatement in a reasonable manner, so as to do the least injury to private rights.”
*553 The plaintiff also quotes the following from Leialoha v. City of Jacksonville, 64 So.2d 924 (Fla.1953):
“While we do not decide the point, it may be that if the city fails to sweep, sprinkle or light a connecting road as contemplated by the proviso in Section 341.64 and damages result therefrom, the city would be required to respond in damage for the injury.”
We hold that the defendant city was not entitled to a judgment as a matter of law, and therefore that the summary judgment appealed from herein was improvidently entered.
Therefore, the said judgment must be, and it is, reversed, and this cause is remanded with directions for further proceedings consistent with the views herein-above set forth.
Reversed and remanded with directions.
SPECTOR, C. J., concurs.
RAWLS, J., dissents.