395 So.2d 615 (1981)
Cynthia Mach PEDIGO, Appellant,
v.
R.E. SMITH, Appellee.
No. 80-280.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
John V. Doyle, Daytona Beach, for appellant.
James A. Scott, Jr. of Haas, Boehm, Brown & Rigdon, P.A., Daytona Beach, for appellee.
COBB, Judge.
Cynthia Pedigo, the defendant in a civil negligence action arising from the collision of two motor vehicles at an intersection in Daytona Beach, Florida, attempted to bring a third-party action for damages and for contribution against R.E. Smith, the owner of property at the corner of the intersection where the collision occurred. Pedigo's second amended third-party complaint was dismissed with prejudice, and this appeal ensued.
The issue is whether or not the dismissed complaint stated a cause of action. The negligence allegation against Smith was that he allowed a tree on his property to obscure the view by motorists of a stop sign at the intersection, and the view of the intersection itself, contrary to specified city ordinances, thereby causing or contributing to the cause of the collision between Pedigo and the car in which the original plaintiff, Patricia Ann Talley, was a passenger.
The primary ordinance relied upon by the third-party claimant contained a provision prescribing a duty on the part of the police department to give an offending property owner ten days' notice to discontinue or remove any obstruction existing in violation of the ordinance. The third-party complaint did not allege any such notice had been given to Smith prior to the collision. *616 The third-party defendant successfully argued before the trial court that the duty of the property owner arises only after such notification. In other words, the complaint did not actually allege an ordinance violation based on the clear wording of the ordinance itself.
The ordinance in question reads:
Section 42-58 Obstructions at Intersections.
On a corner lot, no fence, wall, tree, shrub, vegetation, planting or other obstruction to the vision of motorists or pedestrians using the highways and sidewalks provided for public use, shall be permitted or allowed to extend in excess of three (3) feet above the curb or established grade level of the street on that portion of a front or side yard that is included between the sidelines of intersecting streets and a line connecting said lines at points which are twenty-five (25) feet distant from their point of intersection measured along said lines or projections thereof. It shall be the duty of the police department to notify the owner or occupant of property on which such obstruction exists, to discontinue, remove or relocate such obstruction within ten (10) days from the date of notification. (Code 1955, Sec. 35-32).
The above ordinance, predicated on the police power of the municipality, is penal in nature and must be strictly construed. Since the notice requirement is incorporated as an integral part of the ordinance itself, we agree with the trial judge's construction of that ordinance. Since it was not alleged that the owner was notified by the police of any obstruction, the complaint did not sufficiently allege a violation of municipal ordinance section 42-58.
The appellant also claims that he properly pled a violation of Article V, Section 17, of the Daytona Beach City Zoning Ordinance. It is readily apparent, however, that said ordinance applies only in "R" districts[1]  and it was not alleged that this collision occurred in an "R" district. Irrespective of the fact that a municipal ordinance must be pled, in all cases where the plaintiff seeks the benefit of such an ordinance, he must plead the facts necessary to bring himself within the provisions of the ordinance. See 61 Am.Jur.2d Pleading § 86 (1972).
Since Pedigo failed to properly plead the violation of an ordinance or statute, the question becomes whether or not there is a common law duty on a landowner to maintain his property in a condition so that a motorist approaching an intersection has a clear view of other traffic and intersection traffic signs. This question was considered in the recent case of Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA 1981). That case adhered to the traditional rule that the owner of land is under no affirmative duty to remedy conditions of purely natural origin upon his land. See Prosser, Law of Torts § 57 (4th ed. 1971); 39 Am.Jur.2d Highways, Streets and Bridges § 462 (1968).
In Bassett v. Edwards, 158 Fla. 848, 30 So.2d 374, 376 (1947), the Florida Supreme Court discussed the duties of motorists when confronted with natural obstructions to view at intersections:
Obstruction of view when motoring on a highway must be observed by all motorists. Every user of the highway is required to exercise reasonable care for his own safety and protection. It was the truck driver's duty and also the driver of the automobile to observe the oleander bush at this intersection and to bring their vehicles under such control as the situation required and demanded. 5 Am. Jur. 459, par. 763; Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 3, 242-249, par. 1825.
The inference from the above language, and the clear holding in the courts of other *617 states,[2] is that the negligence of motorists who collide at intersections intervenes and supersedes that of private property owners of natural vegetation, in the absence of some statutory or ordinance violation.
For the foregoing reasons, the dismissal with prejudice by the trial judge is
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, C.J., concurs in conclusion only.
NOTES
[1] SECTION 17. Obstruction to Vision at Street Intersections. In order to minimize accidents caused by obstruction to vision at street intersections, the following regulations shall apply in all "R" districts.
[2] See, e.g., Bohm v. Racette, 118 Kan. 670, 236 P. 811, 42 A.L.R. 571 (1925).