425 So.2d 669 (1983)
TOWN OF BELLEAIR, Florida, Appellant,
v.
Bonnie L. TAYLOR, Appellee.
No. 82-1236.
District Court of Appeal of Florida, Second District.
February 2, 1983.
*670 Ted R. Manry, III, and Stephen H. Sears of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Edward D. Carlson of Woodworth, Carlson, Meissner & Webb, Clearwater, for appellee.
CAMPBELL, Judge.
On August 23, 1977, while riding her motorcycle down a street known as "The Mall," Bonnie Taylor struck an automobile driven by Genevieve Joyner as it pulled out onto the street. The Mall has a median planted with grass and shrubbery that was built and is maintained by the Town of Belleair. Taylor sued the town alleging various theories of recovery, and the case finally went to trial over the issue of whether the median had been negligently designed and maintained.
At trial, appellant moved for directed verdict at the close of appellee's case-in-chief and at the close of all the evidence. These motions were denied, and the jury found for appellee. Appellant moved to have the verdict set aside stating that the "subject shrubbery cannot be a legal cause of the subject accident... ." The court denied this motion, and appellant then filed a timely notice of appeal.
It is true that traditionally there is no duty in Florida on the part of a landowner to affirmatively maintain his property in such a manner that a motorist's view of intersecting traffic is unobstructed. Stevens v. Liberty Mutual Insurance Co., 415 So.2d 51 (Fla. 3d DCA 1982); Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981); Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA), petition for review denied, 399 So.2d 1142 (Fla. 1981). See 39 Am.Jur.2d Highways, Streets & Bridges § 462 (1968). This rule applies to both natural, Pedigo, and artificial conditions on the landowner's property. Pope v. Cruise Boat Co., 380 So.2d 1151 (Fla. 3d DCA 1980). These cases, however, are distinguishable since they concern the duties of a private, not a government, landowner.
It is clear, especially since our supreme court's decision in City of St. Petersburg v. Collum, 419 So.2d 1082 (Fla. 1982), that once a governmental entity creates a condition that it knows or should know is dangerous, it must avert the danger or notify the public. Failure to do so results in liability. Here, the town constructed and maintained the median and the foliage upon it, and that being so the town knew or should have known that failure to maintain it properly would create conditions dangerous to the public. Foley v. State Department of Transportation, 422 So.2d 978 (Fla. 1st DCA 1982). Whether the town discharged its responsibilities properly or improperly was for the jury to decide, and the trial court did not err in denying the town's motion for directed verdict and in refusing to overturn the jury's final verdict insofar as it relates to the town's liability. See City of Tamarac v. Garchar, 398 So.2d 889 (Fla. 4th DCA 1981).
During trial, the court admitted evidence of a prior accident that occurred four years earlier on the opposite side of the intersection where this accident occurred. Later, appellant called Chief Yaitanes, its police chief, as part of its case-in-chief. On direct, Yaitanes testified that he was the supervisor *671 on duty at the time of the accident but that one of his officers actually investigated the accident. He also testified that he later conducted his own investigation of the accident scene.
This testimony on direct prompted cross-examination about the contents of the accident report prepared by the other officer. Over appellant's objection, the court required Yaitanes to reveal that the report stated that the bushes on the Mall should be trimmed. The court should have sustained appellant's objection on grounds of hearsay. Nevertheless, this testimony, standing alone, was not so prejudicial as to constitute reversible error. However, when coupled with the earlier testimony about the prior accident, it is clear that reversible error occurred. Because the prior accident occurred on the opposite side of the intersection and four years before the accident giving rise to this lawsuit, we believe that the prior accident was too remote to be legally relevant in the instant case. On retrial, the trial judge must make sure that any admission of the statements contained in the accident report to the effect that the bushes needed trimming must be supported by a proper predicate. There should be no evidence of the prior accident admitted at the new trial. Because we have concluded that a new trial is required, we also conclude that it is unnecessary to reach the final point raised by appellant.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIMES, A.C.J., and SCHOONOVER, J., concur.