427 So.2d 297 (1983)
Antonio B. MORALES and Maria Morales, Appellants,
v.
Carlos COSTA and Mary Costa, Security Mutual Casualty Company, City of Miami, and County of Dade, Appellees.
No. 81-2542.
District Court of Appeal of Florida, Third District.
February 22, 1983.
Joe N. Unger, Ronald C. Kopplow, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt, Miami, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
The plaintiffs were injured in an intersectional automobile accident. They instituted this action against the Costas, who owned land adjacent to the intersection. The complaint *298 alleged that the Costas obstructed the plaintiff's view of a stop sign by: (a) planting a black olive tree in the swale area; and (b) voluntarily assuming the duty of the maintenance of that area and negligently failing to fulfill that obligation. The trial court entered summary final judgment in favor of the landowners, ostensibly because it found that the landowner owed no duty to a passing motorist for the obstruction of a public right-of-way. We reverse.
The defendant attempts to support the appealed judgment by relying upon Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA 1980), pet. for review denied, 399 So.2d 1142 (Fla. 1981). There, we held that in the absence of legislation imposing a duty, a landowner had no duty to maintain his property in a condition so as to protect a motorist using the adjacent highway from other approaching motorists. In Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981), the court, following Evans, supra, found that a landowner had no duty to a motorist where a tree planted on private property obscured a motorist's view of a stop sign.[1] These decisions, then, recognize that a landowner has a right to use and enjoy his property in any manner he sees fit.
On the other hand, an obstruction of a public right-of-way by an adjacent landowner, even by something which grows and exists upon a private property, but which protrudes into and obstructs the public right-of-way, is an entirely different matter. The court, in Evans, specifically excluded the situation where an obstruction protruded onto public property. The users of a public right-of-way have a right to expect that it will not be unreasonably obstructed. In contrast, they have no such expectations with respect to lands that are entirely within the purview of private ownership. Consequently, a private person may incur liability for damages caused by an obstruction upon a public way. 39 Am.Jur.2d Highways, Streets & Bridges §§ 359, 361 (1968); 29 Fla.Jur.2d Highways, Streets & Bridges § 118 (1981); see Gulf Refining Co. v. Gilmore, 112 Fla. 366, 152 So. 621 (1934) (plaintiff recovered a judgment against defendant for injuries received when she tripped over a dark cord placed across a grass plot between the curb and the paved sidewalk); see also Price v. Parks, 127 Fla. 744, 173 So. 903 (1937).
Because we find, contrary to the trial court, that a landowner may be liable for obstructions to the public right-of-way, we reverse the summary judgment and remand for further proceedings.
Reversed and remanded.
NOTES
[1] Although the court, in Pedigo v. Smith, supra, did not state it explicitly, we assume that the tree was located entirely on private property.