429 So.2d 59 (1983)
Maria J. ARMAS and Juan Armas, Appellants,
v.
METROPOLITAN DADE COUNTY, Etc., City of Miami, Etc. and Nita Prieto Maercks, Appellees.
No. 81-2598.
District Court of Appeal of Florida, Third District.
April 5, 1983.
*60 Joe N. Unger, David S. Wieder, Miami, for appellants.
Robert A. Ginsburg, County Atty. and Scott Fabricius, Asst. County Atty., Jose R. Garcia-Pedrosa, City Atty. and Mikele S. Carter, Asst. City Atty., Leesfield & Blackburn and Mark A. Dresnick, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Armas was injured when his car was involved in an intersection accident in the city of Miami. He claimed that it had occurred, at least in part, because his view of the stop sign controlling the intersection was obstructed by foliage which had grown from the adjacent privately-owned property onto the dedicated right-of-way where the sign was located. Armas therefore sued not only the driver of the other vehicle,[1] but also Nita Maercks, the owner of the neighboring lot and offending vegetation; the city of Miami, which controlled the swale and the streets in question; and Dade County, the entity which erected and was required to maintain the stop sign.[2] On the ground that no actionable breach of duty existed as to these three defendants, the trial judge granted summary judgments in their favor. Largely on the basis of decisions rendered since his rulings, we reverse each of these judgments.
In the almost identical case of Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA 1983),[3] we recently stated that a landowner may be liable for the maintenance of vegetation "which grows and exists [on] private property, but which protrudes into [the] public right-of-way," so as to obstruct a stop sign located there. On the basis of Morales[4] and the cases and authorities it *61 cites, the judgment in Maercks' favor cannot stand.
The liability of the city is based upon the duty to maintain its streets and adjacent real property in a reasonably safe condition. E.g., Town of Palm Beach v. Hovey, 115 Fla. 644, 155 So. 808 (1934); City of Hialeah v. Revels, 123 So.2d 400 (Fla. 3d DCA 1960), cert. denied, 129 So.2d 141 (Fla. 1961). There can be no doubt that this duty includes one to use reasonable care to cut back foliage which has created an obstruction to a motorist's view. Town of Belleair v. Taylor, 425 So.2d 669 (Fla. 2d DCA 1983).[5] Moreover, since the vegetation grew onto and over the city's property  which it controlled  it does not matter either that it was planted on Maercks' lot or that the county was responsible for the stop sign itself. See Nobles v. City of Jacksonville, 265 So.2d 550 (Fla. 1st DCA 1972), cert. denied, 272 So.2d 158 (Fla. 1973).
Insofar as the county is concerned, its potential liability is based upon the supreme court's holding in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979), which involved the failure to repair an inoperative traffic light resulting in an intersection collision. That principle was recently reiterated in Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982):
As stated in Commercial Carrier, and reaffirmed here, the failure to properly maintain existing traffic control devices and existing roads may also be the basis of a suit against a governmental entity. We caution, however, that the maintenance of a particular street or intersection means maintenance of the street or intersection as it exists.[[6]]
419 So.2d at 1078. The failure to remove vegetation which conceals and thus renders ineffective an already installed stop sign may well be deemed a breach of this obligation by the jury. Coppedge v. Columbus, 134 Ga. App. 5, 213 S.E.2d 144 (1975); Smith v. City of Preston, 97 Idaho 295, 543 P.2d 848 (1975); Granai v. State, 206 Misc. 984, 136 N.Y.S.2d 238 (1954), aff'd, 286 A.D. 1145, 146 N.Y.S.2d 709 (1955); Naker v. Town of Trenton, 62 Wis.2d 654, 217 N.W.2d 665 (1974); Fanning v. City of Laramie, 402 P.2d 460 (Wyo. 1965); see also, Wallace v. Nationwide Mutual Fire Ins. Co., 376 So.2d 39 (Fla. 4th DCA 1979) (failure to restore fallen stop sign).
Both governmental entities also suggest that their alleged adherence to a stated policy in determining whether, when, and from what intersections they will trim obstructing vegetation renders their conduct in that respect an immunized discretionary or policy decision. It is clear, however, as held in both State of Florida, Department of Transportation v. Kennedy, 429 So.2d 1210 (Fla. 2d DCA 1983) and Foley v. State, Department of Transportation, 422 So.2d 978 (Fla. 1st DCA 1982), with which we agree, that there is no merit to this position.[7]
Finally, we reject the claim that, as a matter of law, an inoperative or invisible traffic control device cannot be a legal cause of a resulting intersection collision. E.g., Commercial Carrier Corp. v. Indian River County, supra; Morales v. Costa, supra; Town of Belleair v. Taylor, supra; Evans v. Southern Holding Corp., supra, (Schwartz, J., dissenting on other grounds); see generally, Gibson v. Avis-Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980); but cf., Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981) (dictum). On the facts of this case, the issue is one for the jury.
Reversed.
NOTES
[1] That case has remained pending in the trial court.
[2] Section 2-96.1, Metropolitan Dade County Code provides:

From and after September 16, 1960, all traffic engineering services shall be performed by the traffic and transportation department, and such department shall have exclusive jurisdiction over all traffic control devices in both the incorporated and unincorporated areas of the county, and shall have exclusive jurisdiction to exercise the powers, duties and functions set forth herein. All municipalities in Dade County are prohibited from exercising any such powers, duties and functions, and shall not interfere with the performance thereof by said county department. It shall be unlawful for any person, firm, corporation, or other legal entity including municipal corporations, to change, modify, install, remove, damage, deface or destroy any traffic control device, unless authorized to do so by the traffic and transportation department.
[3] Morales effectively distinguishes Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1142 (Fla. 1981) and Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981), upon which the landowner primarily relies.
[4] In the light of the language and principles of Morales it can make no difference that the defendant in that case planted the tree directly in the swale, rather than, as here, on the owner's property.
[5] Again, see note 4, supra, it is immaterial that the vegetation in Belleair was apparently planted by the municipality itself.
[6] The fact that there was no existing traffic control device in Romine v. Metropolitan Dade County, 401 So.2d 882 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 469 (Fla. 1982), cited by the county, completely distinguishes that case from the present one.
[7] We do recognize that the extent to which financial and manpower resources are available may be admissible for jury consideration as to whether reasonable care has been exercised. W. Prosser, Law of Torts § 31 (4th ed. 1971).