PER CURIAM.
By these appeals we are called upon to review the propriety of two summary judgments, one in favor of a shopping center/owner/manager and the other in favor of a drycleaning tenant therein, in an action by an employee of another tenant allegedly injured by carbon monoxide poisoning because of improper roof repair.
From the record there is an issue of fact as to whether the drycleaning tenant arranged for the roof repair, and if so, was it to be done by an employee/agent or *1046 independent contractor. Therefore it was error to relieve the drycleaning tenant of liability by summary judgment. Carroll v. Kencher, 491 So.2d 1311 (Fla. 4th DCA 1986); Padilla v. Gulf Power Company, 401 So.2d 1375 (Fla. 1st DCA 1981); Foster v. Lee, 226 So.2d 282 (Fla. 2d DCA 1969).
As to the shopping center/owner/manager, there is nothing in this record to disclose that it does have the responsibility for the maintenance and repair of the roof in question. There is evidence that the shopping center/owner/manager had undertaken in the immediate past roof repairs to the center. Therefore, under all the circumstances, we think it was error on this record, at this stage of the proceedings, to relieve the shopping center/owner/manager of liability by summary judgment. Florida East Coast Railway Company v. Metropolitan Dade County, 438 So.2d 978 (Fla. 3d DCA 1983); Monroe v. Appelton, 419 So.2d 356 (Fla 2d DCA 1982); Fogel v. Winn Dixie Stores, Inc., 407 So.2d 1054 (Fla. 3d DCA 1981).
Therefore for the reasons above stated, the two final summary judgments here under review, be and the same are hereby reversed and returned to the trial court for further proceedings, which may entail the entertainment of additional motions for summary judgment after the facts are more fully developed.
Reversed and remanded with directions.