539 So.2d 552 (1989)
Candace GRIER, Thomas Grier and Southeast Bank N.A., As Personal Representatives of the Estate of Robert W. Grier, Deceased, Appellants/Cross Appellees,
v.
BANKERS LAND COMPANY and the Shaker Corporation, Inc., Appellees/Cross Appellants.
No. 87-0358.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
Rehearing Denied March 23, 1989.
*553 Robert F. Jordan of Robert F. Jordan, P.A., Fort Lauderdale, for appellants/cross appellees.
Wesley L. Catri and Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton and Douberley, P.A., Fort Lauderdale, for appellees/cross appellants.
PER CURIAM.
We reverse and remand the summary judgment entered in favor of the appellees but decline to rule on the interlocutory issues also raised on appeal. Those issues should be resolved in an appeal from the final judgment after trial.
The appellant, personal representative of a person killed in a collision at an intersection adjacent to appellees' property, alleged negligence by the appellees in allowing bushes and trees growing from their property into the adjacent right of way so as to block the view of the deceased as he approached the intersection. The trial court held that the intervening negligence of the motorist who apparently entered the intersection after failing to stop for a stop sign was the sole proximate cause of the accident as a matter of law. We disagree. First, we note that there is a conflict in the record as to whether the motorist ran the stop sign. More importantly, however, there is evidence that the growth from appellees' land did block the view of approaching motorists so as to prevent them from viewing other vehicles approaching and crossing the intersection. Based upon the evidence, we believe a jury of reasonable persons could conclude that allowing such growth into the right-of-way was negligence and that such negligence could reasonably be foreseen to contribute to cause an accident such as the one involved herein. See Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981).
DOWNEY and ANSTEAD, JJ., concur.
HERSEY, C.J., dissents with opinion.
HERSEY, Chief Judge, dissenting.
Even if it be assumed that appellees, having leased their land and thereby surrendered control to another, and having no notice of the existence of the alleged condition of their property, were somehow negligent in allowing foliage and shrubbery to intrude upon the public right-of-way, the action of Belt in running a stop sign and entering a busy intersection at a speed in excess of forty-five miles per hour (the latter constituting a negligent act and violation of rules of the road regardless of the stop sign) was clearly the independent, active and efficient intervening cause of the accident resulting in the death of appellants' decedent. Under the circumstances appellees are not liable despite their "assumed" negligence with regard to the foliage. Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla. 1980).
There are at least two exceptions to the rule that one who is initially negligent is not liable for damages caused by an efficient, intervening cause. First, one who "sets in motion" a chain of events which *554 results in the eventual damages is not relieved of liability by application of the rule. Sardell v. Malanio, 202 So.2d 746 (Fla. 1967). In the instant case, the presence of the foliage had no relationship, causal or otherwise, to Belt's negligent actions. Thus, this exception does not apply.
Second, if an intervening cause is foreseeable the original negligent actor may remain liable. Whether it was foreseeable is ordinarily a question of fact for the jury. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977). (See the excellent discussion of this concept in Gibson, 386 So.2d at 522.) This is not the case here, however. There is no duty imposed upon the landowner to foresee and protect the traveling public from such negligent acts as running a stop sign or speeding into a busy intersection from a side street. As a matter of law, Belt's negligence was not foreseeable by appellees. Nor should it be. Suppose, for example, the tortfeasor (Belt) had been eastbound on a street which was one way westbound. Should a duty be imposed upon the landowner to so maintain his property as to not hinder the view of a tortfeasor traveling the wrong way on a one way street?  at excessive speed?  while intoxicated?, etc. No such duty has been or should be imposed. Thus, an inquiry into foreseeability is foreclosed.
The genuine, material issue of fact upon which reversal of the summary final judgment in this case must be based, then, is the question of whether Belt, the tortfeasor, ran a stop sign. This "issue" is raised parenthetically on page four of appellants' brief: "David W. Belt, Sr. apparently (although he denied it) drove his vehicle through a stop sign located on Dyer Boulevard." Subsequently appellants make the eloquent admission that: "Plaintiffs never questioned that Mr. Belt's actions were certainly a cause of the accident. However, he was not the only cause." The briefs otherwise assume and use as a starting point for argument that Belt ran the stop sign.
The record itself leads to the same inescapable conclusion. Trooper James Robinson (the homicide investigator), Trooper Kline, and both plaintiffs' and defendants' accident reconstruction experts testified without qualification that Belt ran the stop sign and entered the intersection at a speed in excess of forty-five miles per hour.
Thus, no real or genuine factual issue existed. It is at best a so-called "paper" issue and a party may not forestall a summary final judgment by raising purely paper issues. Colon v. Lara, 389 So.2d 1070 (Fla. 3d DCA 1980); Soper v. Stine, 184 So.2d 892 (Fla. 2d DCA 1966). Accordingly, summary final judgment was an appropriate disposition.
There is another aspect of this case that is somewhat troubling and mention of it is included only because it may merit the attention of the parties and the trial court upon remand. The majority opinion assumes, by necessary implication, a legal duty owed by the landowner to the victim. The question we have thus implicitly answered might be framed: Does the owner of property abutting a public way have a duty to maintain his foliage in such a way as not to obstruct the view of a motorist entering an intersection? Under slightly different facts the answer to that question would clearly be in the affirmative. If it were alleged that the foliage obstructed the tortfeasor's view of the stop sign resulting in the accident which killed appellants' decedent, all else being equal, the landlord's omission would be considered a causative breach of duty. Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA), rev. denied, 434 So.2d 886 (Fla. 1983); Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983).
Here, on the other hand, it is alleged that the landowner's omission caused the victim's view to be obstructed, thus reducing his ability to "prevent" the accident. The issue of intervening cause aside, we are thereby seemingly holding that the victim was deprived of his "last clear chance" to avoid the accident by the omission in question. This seems more appropriately related to the comparative negligence issue than to the issue of the liability, vel non, of appellants as tortfeasors. In the abstract, is there, or should we impose, a duty not to *555 interfere with a "last clear chance," which is now but one aspect of the concept of comparative negligence? See generally Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
For the reasons earlier expressed, I respectfully dissent.