550 So.2d 1158 (1989)
Hector GARCIA, et al., Appellants,
v.
CITY OF HIALEAH, et al., Appellees.
Nos. 88-839, 88-1232 and 88-1246.
District Court of Appeal of Florida, Third District.
October 3, 1989.
Rehearing Denied November 16, 1989.
*1159 Horton, Perse & Ginsberg and Arnold Ginsberg, Miami, Samuel M. Spatzer, Coral Gables, for appellants.
Carey, Dwyer, Eckhart, Mason, Spring & Beckham, Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson, Miami, and Susan S. Lerner, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
NESBITT, Judge.
Motorist Hector Garcia claims he was injured when, upon leaving Ed's Shell Service Station on Okeechobee Road in Hialeah, his visibility was obscured by shrubbery and his vehicle was struck by a vehicle defendant Kent Hilton Nolan was driving. The trial court granted summary judgment in favor of defendants, the City of Hialeah, who Garcia alleged was responsible for the shrubbery, motorist Nolan, and the station's lessee, Eliadio Larralde. We affirm as to the City of Hialeah and reverse as to defendants Nolan and Larralde.
Although motorist Nolan did attempt to come forward and show that Garcia was the sole proximate cause of the accident, he did not completely dispel every inference as to liability. There was conflicting evidence as to where in the multilane road the collision actually occurred leaving questions as to each party's visibility and speed at the time of the accident. See Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977) (court must draw every possible inference in favor of party against whom summary judgment motion was granted); Holl v. Talcott, 191 So.2d 40 (Fla. 1966) (party moving for summary judgment must prove the nonexistence of any genuine issue of material fact); Toll v. Waters, 138 Fla. 349, 189 So. 393 (1939) (conflicting evidence as to speed of auto, location thereof after collision, and presence of house and trees obscuring vision of drivers, presented questions for jury). Consequently, there are issues here remaining for trial.
With respect to the defendant Larralde, any liability derived from the fact that he owed a duty to provide reasonably safe ingress and egress to business invitees using his gasoline station.[1] While Larralde claims he neither owned nor maintained the shrubbery on the area in question, he also testified that he did pick up debris which accumulated in the area such as papers, cans, and bottles. Consequently, there remains a question as to whether he reasonably discharged his duty under the circumstances. See Hook v. Brown, 498 So.2d 1045 (Fla. 3d DCA 1986) (error to relieve shopping center/owner/manager of liability by summary judgment for tenant employee's injury where record did not establish *1160 responsibility for maintenance but evidence of center/owner/manager's undertaking past repairs was submitted); Arias v. State Farm Fire & Cas. Co., 426 So.2d 1136 (Fla. 1st DCA 1983) (duty owed by landowner or occupant to licensee or invitee is to keep his property reasonably safe and protect visitors from dangers of which he is or should be aware).
Accordingly, we reverse as to defendants Nolan and Larralde and remand for further proceedings.
NOTES
[1] A different rule is applied in "passing vehicle" cases. These are cases in which no invitee duty is involved, but rather solely the obligation of a landowner to the chance motorist injured on a public roadway while passing a landowner's property. There, where the accident is alleged to have been caused by shrubbery growing high but remaining solely on the landowner's property, the landowner has not been held liable for resulting damages. See Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981); Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA 1980); review denied, 399 So.2d 1142 (Fla. 1981). On the other hand, where the vision of the passing vehicle's driver has been obstructed by the landowner's shrubbery growing onto the intersection, it has been held that the landowner could be liable for resulting damages. See Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983); Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA 1983), review denied, 434 So.2d 886 (Fla. 1983).