554 So.2d 623 (1989)
Timothy DAWSON, Caridad Paula and Oswaldo Paula, Appellants,
v.
Herbert RIDGLEY, Appellee.
No. 88-1617.
District Court of Appeal of Florida, Third District.
December 26, 1989.
*624 Horton, Perse & Ginsberg and Arnold Ginsberg, Carroll & Halberg, Miami, and Bernard H. Butts, Jr., Hialeah, for appellants.
David L. Deehl, Kenny Nachwalter & Seymour, and Thomas D. Hall, Miami, for appellee.
Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
This is an appeal by the plaintiff Timothy Dawson and the defendants/cross-claimants Caridad and Oswaldo Paula from a final summary judgment entered in favor of the defendant Herbert Ridgley in a negligence action arising from a motor vehicle accident involving the plaintiff and the defendant/cross-claimant Caridad Paula. It is undisputed that the plaintiff was a passenger on a motorcycle operated by a third party; the motorcycle was on the public street passing by a shopping center owned by the defendant; an automobile driven by the defendant/cross-claimant Caridad Paula pulled out from the defendant's shopping center and struck the subject motorcycle, injuring the plaintiff. The gravamen of the plaintiff's claim against the defendant Ridgley  as well as the defendants/cross-claimants' claim against Ridgley  is that Ridgley negligently constructed an entrance/exit to his shopping center property so near a concrete telephone pole [located outside the defendant's property] as to partially impede the range of vision of the defendant/cross-claimant Caridad Paula as the latter was exiting the shopping center so as to constitute a proximate cause of the motor vehicle accident sued upon in this case.
We affirm the final summary judgment under review as to the negligence action brought by plaintiff Timothy Dawson, the passing motorist, against defendant/landowner Ridgley upon a holding that under the circumstances of this case a private landowner [as defendant] has no duty to a passing motorist [as plaintiff] to maintain his property in such a way that a driver exiting his property has a completely unobstructed view of intersecting traffic, including the passing motorist. See Stevens v. Liberty Mut. Ins. Co., 415 So.2d 51 (Fla. 3d DCA 1982); Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981); Evans v. *625 Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA), rev. denied, 399 So.2d 1142 (Fla. 1981).
We reverse, however, the final summary judgment under review and remand for further proceedings as to the negligence action brought by the cross-claimants Caridad and Oswaldo Paula against the defendant/landowner upon a holding that (1) there is a duty in Florida owed by a landowner to his business invitees to keep his property reasonably safe and to protect such invitees from dangers of which he is or should be aware, Arias v. State Farm Fire & Cas. Co., 426 So.2d 1136 (Fla. 1st DCA 1983), (2) Caridad Paula was, without dispute, a business invitee of the defendant landowner at the time of the subject accident, (3) the defendant landowner arguably breached his duty of due care to Caridad Paula based on the circumstances of this case, and (4) Oswaldo Paula has an otherwise valid derivative claim. See Garcia v. City of Hialeah, 550 So.2d 1158, 1159 n. 1 (Fla. 3d DCA 1989).
Affirmed in part; reversed in part.