PER CURIAM.
The plaintiffs appeal from a judgment for the defendant Dade County entered upon the granting of its motion for judgment notwithstanding a jury verdict in the plaintiffs’ favor, and an alternative order granting the appellee a new trial. We find that the record, viewed in the required light most favorable to the appellants, amply supports the jury’s conclusion that the county was partially liable for the accident in question. Palm Beach County Bd. of County Comm’rs v. Salas, 511 So.2d 544 (Fla.1987); Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520 (Fla.1980); Garcia v. City of Hialeah, 550 So.2d 1158, 1159 (Fla. 3d DCA 1989), and cases cited; Escambia County v. Stichweh, 536 So.2d 1058, 1060 (Fla. 1st DCA 1988), review denied, 541 So.2d 1172 (Fla.1989); Robinson v. Department of Transp., 465 So.2d 1301 (Fla. 1st DCA 1985), pet. for review denied, 476 So.2d 673 (Fla.1985).
Similarly, we conclude that neither of the grounds assigned for the grant of a new trial is sustained by the record, either as a matter of law or as an exercise of discre *801 tion. See Wallace v. Odham, 579 So.2d 171, 175 (Fla. 5th DCA 1991); Sikes v. Seaboard Coast Line R.R. Co., 429 So.2d 1216 (Fla. 1st DCA 1983), pet. for review denied, 440 So.2d 353 (Fla.1983). Accordingly, the judgment and order under review are reversed and the cause remanded for entry of judgment in accordance with the jury verdict.
Reversed and remanded.