614 So.2d 587 (1993)
Gary B. McCRAY and Mariane A. McCray, his wife, Appellants,
v.
Louis C. MYERS, an individual, and Julius L. Bacon, an individual, Appellees.
No. 92-850.
District Court of Appeal of Florida, First District.
February 17, 1993.
Richard G. Rumrell and O. Mark Zamora of Rumrell & Johnson, Jacksonville, for appellants.
Jack W. Shaw, Jr. and Michael J. DeCandio of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, Jacksonville, for appellees Myers and Bacon.
KAHN, Judge.
In this tort action, appellants/plaintiffs (McCray) challenge the trial court's entry of summary judgment against them. We *588 affirm, finding that the undisputed facts establish (1) a lack of duty owed by appellees/defendants Louis C. Myers and Julius L. Bacon (Myers and Bacon) to Gary McCray; and (2) no causal connection exists between any act or omission of Myers and Bacon and the injuries suffered by McCray. The facts are fairly straightforward.
An employee of Philip Morris, Inc. initially placed a metal sign advertising Marlboro cigarettes on land in front of Myers and Bacon's property, but within the public right-of-way of Moncrief Road in Jacksonville. The sign remained on the right-of-way at least until the date of McCray's accident. During the time the sign occupied a portion of the right-of-way, Myers and Bacon voluntarily performed certain maintenance upon the grassy area within the right-of-way upon which the sign was located. Specifically, Bacon hired a contractor to perform mowing in the area. The deposition testimony of Bacon indicated that in the course of mowing the area he would, on occasion, be required to move the Marlboro sign. Myers and Bacon own the property upon which is located a Little Albert Food Store. They leased the premises to the operators of the food store. The Marlboro sign was located generally in front of the food store.
On May 25, 1987, Gary McCray rode his motorcycle east on Moncrief Road, a street with four traffic lanes and a middle turn lane. At the same time, George Edwards, Jr. was proceeding west along Moncrief Road to a laundromat located in the same shopping center that housed the Little Albert Food Store. The shopping center was to Edwards' left and McCray's right as the two of them moved along Moncrief Road. As he turned left into the shopping center, Edwards saw the Marlboro sign. The sight of the sign triggered in Edwards' mind the recollection that he wished to purchase cigarettes. As he continued his left turn, Edwards looked at the Marlboro sign. He heard a motorcycle, but did not see anything. Unfortunately, while executing the turn, Edwards hit McCray. McCray was thrown from the motorcycle and suffered severe injuries, ultimately resulting in the loss of his left leg.
The McCrays allege in their complaint that Myers and Bacon owed a duty to maintain "the premises involved herein" in a reasonably safe condition for the benefit of passing motorists, such as McCray. They specifically allege a duty on the part of Myers and Bacon not to allow "tenants or others to place or cause to exist the placement of tobacco product advertisement signs in a manner or fashion which would distract, obscure, inhibit, or otherwise interfere with the view or vision of traffic by individuals such as the Defendant, Edwards, when entering or exiting the property."[1]
The first issue concerns the existence of a legal duty flowing from Myers and Bacon to McCray. The existence of duty is a question of law. McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992). The facts of this case indicate that the Marlboro sign did exactly what it was intended to do by Philip Morris, i.e., attract the attention of a passing motorist who might wish to purchase tobacco products. Mr. McCray has not alleged that he was on appellants' premises, or that his vision or Edwards' vision was obstructed in any way by the Marlboro sign. Our supreme court has stated:
[P]rima facie there is no liability on the part of a landowner to persons injured outside his lands (which includes persons on adjacent highways), unless the owner has done or permitted something to occur on his lands which he realizes or should realize involves an unreasonable risk of harm to others outside his land, and therefore imposes on him, as an owner or possessor of the land, the duty of abating or obviating the use or condition from which the risk is encountered.
Hardin v. Jacksonville Terminal Co., 128 Fla. 631, 175 So. 226, 228 (1937).
*589 McCray argues that the general rule of nonliability to one injured outside the owner's premises is by no means absolute. In Regency Lake Apartments Associates Ltd. v. French, 590 So.2d 970 (Fla. 1st DCA 1991), an apartment complex owner was found subject to liability for an off-premises injury which occurred when a tenant tripped over exposed tree roots in a pet walk area adjacent to the apartment property. The facts of that case reveal, however, that the plaintiff's lease agreement contained a specific clause requiring all pets to be walked in designated areas on the perimeter of the complex. The plaintiff had been specifically instructed by the apartment manager that she was only to walk her dog in the off-premises area designated as a pet walk.
In Thunderbird Drive-in Theater, Inc. v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990), rev. denied, 577 So.2d 1328 (Fla. 1991), a motorist attempted to make a left turn across traffic to enter the landowner's theater. The turning motorist struck a motorcyclist proceeding in the opposite direction. The motorcyclist sued the landowner for negligent design and maintenance of the entrance to its theater, alleging that such negligence caused traffic to build up and created a known dangerous condition which the defendant failed to ameliorate by taking steps to better regulate traffic entering the theater. In Reed the evidence demonstrated that the dangerous buildup of traffic had occurred repeatedly in the past and was known to the theater owner. Also, the owner specifically knew about the traffic problem on the night of the accident. Finally, the theater owner had in the past hired private police to direct traffic on the property during movie showings and other events generating large crowds. Under these circumstances, the appellate court found that the drive-in owner could be liable because of its prior knowledge of an unusual and hazardous dangerous condition created by the manner in which the landowner used its property.
McCray has also directed our attention to Garcia v. City of Hialeah, 550 So.2d 1158 (Fla. 3d DCA 1989), in which the plaintiff suffered injury while leaving the defendant's service station when his vehicle was struck by a passing motorist. The plaintiff in Garcia alleged that his vision was obscured by shrubbery. The city, and not the service station owner, was responsible for the shrubbery. The appellate court reversed a summary judgment in favor of the service station lessee, finding that the lessee owed a duty to provide reasonably safe ingress and egress to business invitees using the service station. 550 So.2d at 1159. Thus, although Garcia's injuries occurred off the premises, the basis for the existence of duty was the plaintiff's status as a business invitee attempting to safely depart from the commercial establishment.
In Morales v. Costa, 427 So.2d 297 (Fla. 3d DCA), rev. denied, 434 So.2d 886 (Fla. 1983), the plaintiffs, injured in an intersection collision, sued the owner of land adjacent to the intersection, alleging that the owner had obstructed plaintiff's view of a stop sign by negligently maintaining his property. The appellate court found the potential for liability where a landowner has negligently obstructed a public right-of-way, since users of the public right-of-way have a right to expect that it would not be unreasonably obstructed. As noted above, no claim was made in the present case that the existence of the Marlboro sign in the right-of-way in any way obstructed either Edwards' or McCray's view of the roadway.
Myers and Bacon direct us to many cases supporting the general rule of nonliability for off-premises injuries. See e.g., Britz v. LeBase, 258 So.2d 811 (Fla. 1971); Dawson v. Ridgley, 554 So.2d 623 (Fla. 3d DCA 1989); Allen v. Enslow, 423 So.2d 616 (Fla. 1st DCA 1982); Pedigo v. Smith, 395 So.2d 615 (Fla. 5th DCA 1981); Evans v. Southern Holding Corp., 391 So.2d 231 (Fla. 3d DCA), rev. denied, 399 So.2d 1142 (Fla. 1980).
We find significant and persuasive appellees' argument in response to the McCrays' claim that the continued existence of the sign constituted a potential distraction to passing motorists, thus creating *590 a risk of harm that should have been eliminated or minimized. Myers and Bacon point out that advertising signs are often, purposefully or not, placed on right-of-ways immediately adjacent to a landowner's property. They specifically mention the case of "garage sale" and "home for sale" signs. The very purpose of such signs is to attract the attention of a passing motorist. Under the McCrays' theory, if a passing motorist indeed focused on such a sign and neglected to pay attention to passing or oncoming traffic, the landowner would face potential liability. We agree with appellees that the tort law of this state could not support such a result.
We must be guided in our analysis of the duty issue by the supreme court's recent decision in McCain v. Florida Power Corp., supra. The court observed that the question of foreseeability is relevant to the existence of duty, as well as to the element of proximate causation in a negligence action, and indicated that foreseeability should be separately examined as to both elements. See also, Kaisner v. Kolb, 543 So.2d 732 (Fla. 1989). "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader `zone of risk' that poses a general threat of harm to others." McCain, supra, at 502. Thus, we must answer the inquiry of whether the conduct of Myers and Bacon in failing to remove the Philip Morris sign from the public right-of-way foreseeably created a broader zone of risk, posing a general threat of harm to others. We have determined that it did not. The requirement of "reasonable, general foresight is the core of the duty element." McCain, supra, at 503. We are unable to discern how Myers and Bacon could have foreseen anything more than that the Marlboro sign would attract the attention of a potential customer. The advertising technique employed by Philip Morris, and of which Myers and Bacon had notice, neither obstructed view, nor made ingress and egress to the shopping center more difficult. There is no evidence that McCray, the plaintiff, was even aware of the sign. We hold, therefore, that no relationship existed between the landowners and McCray (or others in his position) which would impose upon the landowners the legal obligation to conduct themselves in a different manner for the benefit of McCray, or others similarly situated. In other words, the relationship between the landowners and the injured motorcyclist in this case gave rise to no legal duty. See Florida Power & Light Co. v. Lively, 465 So.2d 1270, 1273 (Fla. 3d DCA 1985) (en banc), rev. denied, 476 So.2d 674 (Fla. 1985).
Even were the existence of duty to be assumed, the facts of this case demonstrate an absence of proximate causation. The mere possibility that a negligent act may cause a particular consequence is not sufficient to support recovery. Greene v. Flewelling, 366 So.2d 777 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla. 1979). "[T]he liability of the wrongdoer is extended only to the reasonable and probable, not the merely possible, results of a dereliction of duty." Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148, 150 (Fla. 1949). It would defy logic in the present case to permit a jury to consider the existence of legal causation. Moreover, a rule which would uphold liability in the present case would be at odds with reasonable notions of individual responsibility.
Having held that no duty was owed by appellees, and that, in any event, proximate causation is lacking as a matter of law, we AFFIRM the summary judgment.
SMITH, J., and SHIVERS, Senior Judge, concur.
NOTES
[1] The McCrays also sued Philip Morris, which owned the sign, Thomas Yazeji, the lessee and operator of the Little Albert Food Store, and Edwards, none of which is involved in this appeal.