685 So.2d 46 (1996)
Carol NAPOLI, as Personal Representative of the Estate of Richard Napoli, Deceased, for and on behalf of said Estate and the survivors hereof, individually, Appellant,
v.
Evelyn Stoll BUCHBINDER, Jerome Buchbinder, Arnold Rosen, George Klein, Progressive Southeastern Insurance Company, Insurance Company Of North America, Cigna Insurance Company, Howard M. Greenfield, M.D., Gerry Baran, M.D., Southeastern Anesthesia Management Associates, P.A. and South Broward Hospital District d/b/a Memorial Hospital, Appellees.
No. 95-4145.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Rehearing, Rehearing, Clarification and Certification Denied January 16, 1997.
*47 Paul J. Lane of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
Patrice A. Talisman of Russo & Talisman, P.A., Miami, and Green & Ackerman, P.A., Fort Lauderdale, for Appellees-Arnold Rosen and George Klein.
Rehearing, Rehearing En Banc, Clarification and Certification Denied January 16, 1997.
DELL, Judge.
Carol Napoli, as personal representative for the Estate of Richard Napoli, appeals from an order granting a final summary judgment in favor of appellees, Arnold Rosen and George Klein. Appellees Rosen and Klein own the Holiday Center Shopping Center. Appellant filed a wrongful death action and alleged that the design of appellees' parking lot and the placement of a stop sign contributed to causing the accident. Appellees moved for summary judgment, citing Dawson v. Ridgley, 554 So.2d 623 (Fla. 3d DCA 1989) in support of their argument that they owed no duty to a passing motorist. The trial court granted final summary judgment on the authority of Dawson.
The trial court misplaced its reliance on Dawson. In Dawson, the Third District stated:
[U]nder the circumstances of this case a private landowner [as defendant] has no duty to a passing motorist [as plaintiff] to maintain his property in such a way that a driver exiting his property has a completely unobstructed view of intersecting traffic, including the passing motorist.
Id. at 624 (citations omitted). It also appears that the trial court did not consider the supreme court's pronouncement in McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992), wherein the court stated:
The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the case once the courthouse doors are open. As is obvious, a defendant might be under a legal duty of care to a specific plaintiff, but still not be liable for negligence because proximate causation cannot be proven.
Id. at 502-03 (citations and footnote omitted).
We hold that the trial court erred when it granted summary judgment on the authority of Dawson. The allegations of appellant's complaint and the expert testimony offered *48 in opposition to the motion for summary judgment created a material question of fact as to whether appellees' alleged negligence placed appellant within the foreseeable "zone of risk." Accordingly, we reverse the final summary judgment in favor of appellees and remand this cause for further proceedings.
REVERSED and REMANDED.
STEVENSON and SHAHOOD, JJ., concur.