571 So.2d 515 (1990)
Gassab HALUM, As Personal Representative of the Estate of Yasser Halum, and Sadie Wright, As Personal Representative of the Estate of Teena Wright, Appellants,
v.
PALM BEACH COUNTY, a Subdivision of the State of Florida, Appellee.
No. 89-2888.
District Court of Appeal of Florida, Fourth District.
November 21, 1990.
Rehearing and Certification Denied January 17, 1991.
*516 Allen R. Seaman of Varner, Stafford, Cole & Seaman, P.A., Lake Worth, for appellants.
Ronald K. McRae, Asst. County Atty., West Palm Beach, and John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, for appellee.
DOWNEY, Judge.
Appellants, Gassab Halum and Sadie Wright, as personal representatives of the estates of two of three deceased victims of an automobile accident, appealed from a final judgment entered upon a directed verdict against them and in favor of appellee, Palm Beach County.
The case arises out of an automobile accident that occurred as the three occupants were traveling along Airport Road in Palm Beach County. It is alleged that, as a result of the negligently designed, constructed and maintained highway and surrounding shoulders, the automobile involved was caused to leave the edge of the road surface resulting in its going out of control causing the occupants to drown in a canal paralleling the highway. Three consolidated wrongful death actions ensued, wherein appellants contend the county was negligent in meeting its responsibilities regarding the design, construction and maintenance of the road and right of way. Appellants allege the county was on notice of these various deficiencies as a result of numerous similar accidents caused by governmental oversight, as well as direct notice of the need to make improvements in the area.
The record indicates that, during an in limine hearing prior to trial, the court indicated it would not admit some of appellants' evidence of prior accidents and direct *517 notice of the dangerous conditions existing on the subject right of way. Nevertheless, early in the trial appellants offered evidence of a prior accident occurring nearby under similar conditions, the testimony of a highway patrol officer familiar with the conditions and similar accidents, and the testimony of a former county commissioner, who advised the county commission of the dangerous conditions existing on the highway in question. The trial court sustained objections to all of this evidence on various grounds of hearsay, statutory privilege of automobile accident reports, and governmental immunity of planning level decisions. In arguing the admissibility of this evidence, appellants pointed out to the court the necessity of their showing notice to the county of the existing conditions and its failure to maintain the highway in safe condition or warn of the dangers involved. By rejecting their evidence of notice appellants contended the court made it impossible for them to present a prima facie case to go to the jury. They argued that the court may as well direct a verdict at that point rather than require them to spend a lot of time, effort and money futilely presenting the remainder of the case, only to fall victim to a directed verdict upon resting their case. Be that as it may, before the court took any action, the county attorney moved for a directed verdict. At that point, the court directed a verdict against appellants and from the final judgment entered thereon appellants perfected this appeal.
In our view, the trial court erred in not allowing appellants to present evidence of other similar accidents on the roadway in question to prove the county had notice of the existing dangerous conditions. Furthermore, the court erred in refusing to let the former county commissioner, who represented that district, testify that he had on numerous occasions advised the commission during budget meetings of the conditions and need for rectification. Without being able to prove notice, appellants were unable to prove one of the primary aspects of their claim in order to make a case for the jury.
The county contends that the highway patrol officer's testimony regarding a prior similar accident in the same vicinity was hearsay, but we disagree. The officer had personal knowledge and observation of the accident, having investigated it at the time. The trial court also erred in refusing to admit reports of other similar traffic accidents on this highway, assuming they would bear upon the question of notice to the county of the dangerous condition.
Finally, on the question of notice, we believe the testimony of the former commissioner that he had on numerous occasions advised the commission of the dangerous condition and the need for action to rectify it was admissible. Appellee argues that the matters involved were planning level decisions by the commission and, thus, notice to them was meaningless and irrelevant. We reject that argument, at least as regards proof of the creation or maintenance of a trap of which the county was aware and travelers were not, thus creating a duty to warn.
Perhaps the most difficult question presented in this appeal is the procedural one involving the posture of the case when the directed verdict was entered. As indicated above, appellants had only begun presenting their case through two witnesses when the verdict was directed. Therefore, the greatest percentage of their proof had never been reached. It is, therefore, appellee's position that appellants, in suggesting a directed verdict simply abandoned their case when the court refused to admit their evidence regarding notice without ever demonstrating that they could prove the other essential elements of the case in order to go to a jury. Certainly a plaintiff can not invite a directed verdict at every stage of his case in chief when the court rules adversely on an essential evidentiary question in order to more expeditiously have the alleged error reviewed. That would involve piecemeal appellate review at its worst. In the present case appellants did suggest to the court that, having rejected their evidence of notice, the court may as well direct a verdict and not spend all of the time and money in hearing *518 the remainder of their fifty-some witnesses. The trial judge asked appellants if they wanted the court to direct a verdict and counsel responded that he really did not want the court to do so but, since appellants were going to be unable to prove their case without the excluded evidence, that may be the only recourse. At which point, the appellee moved the court to direct a verdict and the court did so.
Under the circumstances, we believe the trial court erred in rejecting at least parts of the proffered evidence of notice. Furthermore, since the appellants had not demonstrated at that early stage of the case that they could make a prima facie case to go to the jury (except for the absence of the notice evidence) and had not rested, it was premature for the court to grant the motion for directed verdict. SJS Enters., Inc. v. Cates, 547 So.2d 226 (Fla. 4th DCA 1989).
Accordingly, we reverse the judgment and remand the cause for further proceedings.
POLEN, J., and SHAHOOD, GEORGE A., Associate Judge, concur.