636 So.2d 1348 (1994)
Jose RODRIGUEZ, aAs Personal Representative of the Estate of Angel Antonio Rodriguez, for the Benefit of the Estate of Angel Antonio Rodriguez, Appellant,
v.
LOXAHATCHEE GROVES WATER CONTROL MANAGEMENT DISTRICT, Appellee.
No. 92-3583.
District Court of Appeal of Florida, Fourth District.
March 9, 1994.
Rehearing and Rehearing Denied June 17, 1994.
Philip M. Burlington, Caruso, Burlington, Bohn & Compiani, P.A., John Young and Joseph L. Ackerman, Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellant.
Jennifer S. Carroll, Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied June 17, 1994.
PER CURIAM.
This is an appeal from an order that granted appellee's motion for a new trial. We *1349 reverse and remand with direction to enter judgment for appellant, together with interest from the date of the final judgment which the above order vitiated.
The issues involve evidence of other accidents as notice to appellee and allegedly improper remarks by appellant's counsel.
A truck driven by decedent rolled over into a canal that ran alongside a road maintained by appellee, the Loxahatchee Groves Water Control Management District. As personal representative of decedent's estate, appellant brought a wrongful death action based on three theories of liability: breach of a duty to properly maintain the road and adjoining windrow, failure to correct a dangerous condition despite knowledge thereof and failure to warn of the dangerous condition. The jury returned a verdict finding that appellee had been negligent, but also finding that the decedent had been comparatively negligent. Liability was assessed at sixty-two percent for appellee and thirty-eight percent for decedent. The trial court then granted appellee's motion for new trial based upon the erroneous admission of other accident testimony and counsel's "highly inflammatory comments." The two bases are closely related.
Appellant presented evidence indicating that the roads throughout the District were similarly constructed and maintained. All roads in the District were dirt roads with no shoulders. A two foot windrow consisting of soft sand was left along the canal side of the roads that ran along canals in the District. There was testimony that these roads created a dangerous condition which caused the accident in this case. None of this evidence included the challenged prior accident evidence.
The controverted evidence concerned prior accidents in which vehicles went into canals alongside roads throughout the District. Much of the debate centered around the admissibility of portions of the deposition of the District manager, wherein he testified that the roads in appellee's District were all similarly constructed. The deposition testimony also revealed that the manager was aware of previous accidents that involved vehicles going into canals and that he knew of only one accident of those investigated by the District in the past six years that did not involve a vehicle going into a canal.
Appellant presented further evidence as to the maintenance of the roads within appellee's district and that vehicles had gone into canals throughout the District. All of this evidence also referred to appellee's knowledge of the dangerous condition. A highway maintenance technician employed by appellee told his supervisors that the road in question should be regraded. Another witness, who had worked on a County study that determined the roads were unsafe, testified that the study was presented at a meeting at which two District board members were present. Minutes of the District's board meetings reveal that there was discussion of the problem of vehicles going into canals throughout the District. A former employee of the District testified that the canal and road system was nicknamed the "Loxahatchee car wash" due to the number of cars going into canals.
With respect to the evidence of other accidents, the trial court gave the following jury instruction:
Evidence of other accidents may not be considered as proof of negligence, but they may be considered as proof of the defendant's knowledge of a dangerous condition only when the evidence demonstrates that the other accidents occurred under substantially similar circumstances, conditions, and causes to the accident in dispute. Such accidents must have occurred under conditions/circumstances at a place substantially similar to the accident in dispute.
The evidence of similar accidents must have a tendency to establish a dangerous or defective condition at the place in question, and must not be too remote in time to the accident or condition in question.
Although evidence of prior accidents is not admissible to show negligence or culpability, it is well settled in Florida that sufficiently similar other accident evidence, not too remote in time, is relevant and admissible to show the existence of a dangerous condition and knowledge or notice thereof. See Lawrence v. Florida East Coast Ry., 346 So.2d 1012, 1015 (Fla. 1977), and cases cited therein; Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla. 1969); Chambers v. Loftin, 67 So.2d 220 (Fla. 1953).
*1350 In the instant case, the substantially similar circumstance is that the prior accidents involved vehicles going into canals running alongside roadways which were shown to have been constructed and maintained in essentially the same deficient manner. The purported negligence is based upon this similar condition; therefore, this other accident evidence is relevant and was properly admitted during the trial. See Halum v. Palm Beach County, 571 So.2d 515 (Fla. 4th DCA 1990), rev. denied, 583 So.2d 1036 (Fla. 1991). It is worth pointing out again that independent evidence also was submitted in the present case to support the allegation that the roads running alongside canals throughout the district were not properly constructed or maintained. Therefore, this case parallels cases in which evidence was admissible to show knowledge of a dangerous condition within a system such as a defective roadway system or a malfunctioning railroad signalling system. See, e.g., Lawrence, 346 So.2d at 1012; Halum, 571 So.2d at 515.
In conclusion on this point, it was reversible error for the trial court to exclude, ultimately, all other accident evidence. See Wood v. Walt Disney World Co., 396 So.2d 769 (Fla. 4th DCA 1981). In granting a new trial, the trial court relied upon an erroneous presumption of law, i.e., that showing the roadway system was deficient and that other vehicles had gone into the canals did not constitute sufficient similarity to admit the prior accident evidence. Furthermore, the trial judge gave a jury instruction to the effect that other accident evidence could not be considered as proof of negligence, but only as proof of appellee's knowledge of a dangerous condition if the conditions were substantially similar. Unless there is a clear showing to the contrary, it should be presumed that the jury followed the jury instructions. Wasden v. Seaboard Coast Line R.R., 474 So.2d 825 (Fla. 2d DCA 1985), rev. denied, 484 So.2d 9 (Fla. 1986); National Car Rental Sys., Inc. v. Holland, 269 So.2d 407, 412 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 768 (Fla. 1973). As appellant points out, the jury deliberated for several hours and found decedent thirty-eight percent comparatively negligent and appellee sixty-two percent comparatively negligent. This suggests that the jury thoughtfully considered the evidence and instruction and did not simply respond emotionally to the other accident evidence.
As for the second issue, the trial court's order granting a new trial additionally asserts that appellant's counsel made inflammatory statements in both opening and closing arguments. However, as appellant points out, there was only an objection to a remark during appellant's opening statement that appellee had "killed" two other people. Furthermore, in its brief on appeal, appellee also only contends that there was an inflammatory statement made during opening statement. In response to the statement, appellee's counsel stated, "I think we're getting into argument and I think right now we're getting into the part where we're approaching a mistrial. We're talking about accidents when there has been no proof of similarity." The record reflects that appellant's counsel then rephrased the statement to the jury as follows: "there had been two other accidents in which vehicles had gone into the canal resulting in death." Shortly after appellee's counsel concluded his opening statement, court was recessed until the following morning. At that time, appellee formally moved, unsuccessfully, for a mistrial because of the foregoing remarks by appellant's counsel and repeated the motion at the close of appellant's case. The trial court said it would give a curative instruction and subsequently instructed the jury as follows:
Statements made by counsel in opening arguments cannot be considered as evidence. Such statements must be established by proof at trial, and if they are not, they are to be disregarded. The Court has determined that there has been no evidence to support the statement made by plaintiff in opening arguments that the defendant had killed two other people in the four months before this accident. The Court now instructs you that you must completely disregard that statement, that you cannot consider the content of the statement in your deliberations and must not allow it to influence you in any way in reaching your verdict.
We believe the instruction was sufficient to remedy the error occasioned by the initial remark, which is one about which there is a genuine question. Counsel's subsequent corrective *1351 remark, moreover, appears to have been made in good faith in that the record reflects a witness being under subpoena with what counsel perceived the supportive information to be at the time the remarks were made at opening statement. Had the trial court not reversed itself on the question of admitting other accident evidence, it seems highly unlikely that a new trial would have been awarded on that initial remark  given the curative instruction.
Our direction that interest be awarded appellant from the date of the final judgment is predicated upon Moorman v. American Safety Equip., 594 So.2d 795, 802 (Fla. 4th DCA), rev. denied, 606 So.2d 1164 (Fla. 1992).
GLICKSTEIN, FARMER and PARIENTE, JJ., concur.