PER CURIAM.
In consolidated appeals, plaintiffs in personal injury, automobile accident case appeal from a final judgment entered in favor of defendant State of Florida, Department of Transportation (DOT). For the following reason, we reverse and remand for a new trial.
Ricardo Rodriguez was travelling northbound on the Palmetto Expressway (State Road 826). As he attempted to exit onto Coral Way, he failed to negotiate the sharp right-hand turn on the exit ramp. His vehicle left the exit ramp, crossed a grassy area, and vaulted onto the entrance ramp to northbound 826. His vehicle landed on top of a vehicle which was on the entrance ramp, killing two of its occupants, and severely injuring a third.
Appellants here were the plaintiffs in a lawsuit brought as a result of the accident. This suit was brought against appellee, the DOT. Plaintiffs sued the DOT under two theories. First, plaintiffs alleged that the DOT failed to properly maintain the exit ramp by allowing potholes to exist upon it and by allowing foliage to grow so that it obscured the driver’s view as he attempted to exit. Second, plaintiffs alleged that the DOT breached its duty to warn drivers of the sharp right-hand curve in the exit ramp and failed to advise drivers of the safe speed for the ramp.
Prior to trial, the DOT filed a motion in limine which sought to exclude all evidence of prior accidents on the exit ramp which oc *39 curred after 1961, the year the ramp was created. Plaintiffs proffered their evidence regarding prior accidents, occurring between 1983 and 1988, which evidence included the testimony of two eyewitnesses that they regularly witnessed accidents on the exit ramp from the vantage point of their nearby home. In granting the DOT’s motion to exclude evidence of prior accidents, the trial court determined that, in Department of Transp. v. Konney, 587 So.2d 1292 (Fla.1991), the Florida Supreme Court held the DOT’s knowledge of a dangerous condition is proven only by what was known at the time the condition was created. Thus, only accidents occurring near the time the ramp was created were admissible. Consequently, plaintiffs were permitted to present evidence regarding the condition of the exit ramp (the potholes and the foliage), but were not allowed to present evidence of previous accidents. The jury rendered a verdict in favor of the DOT, and this appeal ensued.
The trial court erred in not allowing plaintiffs to present evidence of prior similar accidents which occurred on the exit ramp as such evidence was relevant on the issue of whether the DOT negligently maintained the exit ramp by allowing potholes to exist and foliage to obscure a driver’s view.
In a series of cases, the Florida Supreme Court has distinguished between government liability for failure to properly plan, design, or upgrade roads or intersections, and government liability for failure to properly maintain existing facilities. See Department of Transp. v. Neilson, 419 So.2d 1071 (Fla.1982); Ingham v. Department of Transp., 419 So.2d 1081 (Fla.1982); City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982). As to the former, the supreme court has held that such governmental decisions are policy-making, planning or judgmental governmental functions to which absolute immunity attaches. Neilson, 419 So.2d at 1074-75. As to the latter, the supreme court in Neilson reaffirmed the view expressed in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979) that “the failure to properly maintain existing traffic control devices and existing roads may ... be the basis of a suit against a governmental entity.” Neilson, 419 So.2d at 1078. Because the duty to properly maintain roads arises at the operational level of government, sovereign immunity does not apply. See id.; Hughes v. City of Fort Lauderdale, 519 So.2d 43, 44 (Fla. 4th DCA 1988) (“Maintenance is an operational, not a planning level function.”).
In the instant case, plaintiffs alleged in their complaint that the DOT negligently maintained the exit ramp by allowing foliage to grow so that it hindered the motorist’s view of the exit ramp and negligently allowed potholes to exist on the ramp which caused the motorist to lose control of his vehicle. Under Neilson and Commercial Carrier, these allegations, if proven, could have subjected the DOT to liability. See also Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983) (governmental entities liable for failure to remove foliage which obscured stop sign); Foley v. Department of Transp., 422 So.2d 978 (Fla. 1st DCA 1982) (where plaintiff sued DOT for negligently allowing grass and weeds to grow to a height so as to obstruct view of culvert, governmental immunity could not be invoked by simply showing that DOT formulated and adhered to schedule of road maintenance at accident site).
To prove that the DOT failed to properly maintain the exit ramp, plaintiffs had to show that the DOT had notice of the existing dangerous conditions. See Halum v. Palm Beach County, 571 So.2d 515, 517 (Fla. 4th DCA 1990), rev. denied, 583 So.2d 1036 (Fla.1991). The prior accident evidence which plaintiffs proffered at trial was relevant to prove notice. See Rodriguez v. Loxahatchee Groves Water Control Management Dist., 636 So.2d 1348, 1349 (Fla. 4th DCA 1994) (“sufficiently similar other accident evidence, not too remote in time, is relevant and admissible to show the existence of a dangerous condition and knowledge or notice thereof.”); Reinhart v. Seaboard Coast Line R.R., 422 So.2d 41, 44 (Fla. 2d DCA 1982) (evidence of prior accidents occurring under substantially similar conditions admissible to show that a hazardous condition existed and that DOT had notice of this condition), rev. denied, 431 So.2d 988 (Fla.1983). “Without *40 being able to prove notice, [plaintiffs] were unable to prove one of the primary aspects of their claim in order to make a case for the jury.” Halum, 571 So.2d at 517. The trial court erred in not allowing plaintiffs to present evidence of prior similar accidents on the exit ramp in question.
We reverse the judgment entered in favor of the DOT and remand the cause for a new trial.
Reversed and remanded.