POLEN, J.
Levin appeals after a jury found Welle-by not liable for negligence in this personal injury claim. Levin argues that the trial court erred in excluding evidence regarding a prior accident, and in excluding certain medical testimony. We affirm.
Erik Levin, a 14 year old boy, stepped off a median and was struck by an oncoming automobile. Welleby was responsible for maintaining the median. Levin claimed that in addition to the negligence of the driver of the vehicle that struck him, Welleby’s negligent maintenance of the median contributed to the accident. Specifically, he claimed that the vegetation in the median obstructed the driver’s vision as she approached the intersection where the accident occurred.
Levin’s testimony showed that the vegetation did not block his view from the *532 median of oncoming traffic. A neighbor who arrived at the scene could not testify as to the condition of the median on the day of the accident, but generally thought the vegetation in the median was “overgrown.” Levin’s accident reconstruction expert testified that Welleby’s placement of vegetation generally limited the views of drivers and pedestrian approaching the intersection.
In the absence of the testimony of the driver at fault, however, the expert was not in a position to opine whether the condition of the median caused or contributed to the accident. At the conclusion of trial, the jury returned a verdict finding no liability on the part of Welleby, eighty-five percent on the driver, and fifteen percent on the part of Levin. This timely appeal followed.
Levin attempted to introduce evidence of a prior accident involving another median maintained by Welleby. This prior accident occurred over two-and-half years earlier and three blocks away from the location of the instant accident. Levin proffered testimony that the vegetation on the median obstructed the view of one of the drivers to the accident. However, the testimony only described the condition of the vegetation as “overgrown.” The trial court excluded the evidence, concluding that the prior accident was too distinct and remote in time.
Levin argues the evidence of the prior accident should have been admitted to show Welleby had notice that a dangerous condition existed. We disagree. While sufficiently similar other accident evidence, not too remote in time, is relevant to show notice of a dangerous condition, Rodriguez v. Loxahatchee Groves Water Control Management Dist., 636 So.2d 1348, 1349 (Fla. 4th DCA 1994), rev. denied, 649 So.2d 233 (Fla.1994), he failed to show how the two locations or circumstances were substantially similar. Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12, 14 (Fla. 1st DCA 1996), approved sub nom., Merrill Crossings v. McDonald, 705 So.2d 560 (Fla.1998). Moreover, he failed to rebut that the accident was too remote in time. See Town of Belleair v. Taylor, 425 So.2d 669 (Fla. 2d DCA 1983)(holding a prior accident which occurred on the opposite side of the intersection and four years before the accident at issue was too remote); cf., First Arlington Inv. Corp. v. McGuire, 311 So.2d 146 (Fla. 2d DCA 1975)(hoIding evidence of a prior accident which occurred over three years earlier at the same location was admissible where the record showed the character of the dangerous condition had prevailed continuously from the time of the prior accident up to the time of the plaintiffs injury). Accordingly, we hold that the court properly exercised its discretion in excluding the evidence.
Of the remaining point Levin raises on appeal, we would only consider it constituting harmful error if we were inclined to reverse on the first point. Because we affirm, we hold it is moot.
AFFIRMED.
DELL and STONE, JJ., concur.