# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0202
Lower Tribunal No. 23-11806-CA-01
_____

**City of Hialeah Gardens,**
Appellant,

vs.

**Anathalia Castellanos, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Michael Ross Piper and W. Hampton Johnson IV (Fort Lauderdale), for appellant.

Apollo Law Group, LLC, and Juan Guillermo Sanchez, for appellees.

Before FERNANDEZ, LOGUE, and GORDO, JJ.

LOGUE, J.

The City of Hialeah Gardens appeals a non-final order denying its

motion to dismiss the Second Amended Complaint filed by the plaintiffs, Anathalia Castellanos and Wanderley Sueiro. The City asserted in its motion to dismiss that the plaintiffs' cause of action was barred by sovereign immunity. Because the negligence action pled by the plaintiffs against the City was premised on an operational-level function, not a planning-level function, we affirm.

## BACKGROUND

The plaintiffs' underlying action stems from a head-on collision with a vehicle owned by co-defendant Marta Cecilia Martinez and driven by co-defendant Laura Raigoza Cuervo, which occurred on a street within the City. The City moved to dismiss the negligence claim asserted against it in the initial complaint and the first amended complaint based on sovereign immunity. The trial court granted both motions, and in the order as to the first amended complaint, the trial court allowed the plaintiffs a final chance to amend their complaint.

The plaintiffs then filed their Second Amended Complaint. In the facts common to all counts, the plaintiffs alleged, among other things, as follows:

14. The City of Hialeah Gardens failed to install or implement roadway signage such as, but not limited to, solid double line lane road strips indicating a no passing zone, or roadway signs warning drivers not to pass into the opposing lane, all of which had been previously designed to be installed or implemented

2

by government authority officials, and which the City of Hialeah Gardens failed to install or implement as designed, representing an operational failure to install or implement such roadway signage.

15. The City of Hialeah Gardens failed to install or implement roadway signage such as, but not limited to, solid double line lane road strips indicating a no passing zone, or roadway signs warning drivers not to pass into the opposing lane, all of which had been previously designed to be installed or implemented by government authority officials, leading to such roadway signage to erode or not be replaced so as to lose its intended effect of warning drivers not to pass [i]nto the opposing lane.

16. These aforementioned failures from the City of Hialeah Gardens contributed to [co-defendant driver's] negligent actions in crossing over into the opposing lane of traffic causing the head on collision with the Plaintiff's vehicle.

(emphasis added).

In Count IV for negligence against the City, the plaintiffs incorporated these paragraphs. The plaintiffs also alleged the City "had a duty to properly construct or install the roadway and/or roadway signage, and/or to upkeep, repair and/or maintain the roadway and/or roadway signage and/or existing traffic control devices at the subject location of the subject collision as originally designed." (emphasis added). Further, the plaintiffs asserted that the City breached its duty, and its failures were a proximate cause of the collision, resulting in the plaintiffs' injuries.

3

The City moved to dismiss the Second Amended Complaint based on sovereign immunity. The City asserted the plaintiffs' negligence claim was premised on a planning-level function inherent in the governing process and it was therefore immune from liability.

The trial court conducted a hearing on the City's motion to dismiss, and later, it denied the City's motion. In its order denying the City's motion to dismiss, the trial court quoted paragraph 14 of the Second Amended Complaint and stated as follows:

> 3. The Court finds that Plaintiffs' Second Amended Complaint as alleged at this time overcomes the City's sovereign immunity argument because it alleges an operational failure by the City. Specifically, the allegation is that the City designed the road in a certain manner and the City ultimately failed to install the road in the same manner as designed. The complaint no longer merely relies on the failure to design or on a critique of the design. Instead, it relies on the City's alleged failure to install what was designed.
>
> 4. The Court in this decision is not finding that the City has in fact designed the road as alleged by the Plaintiffs. That is an issue that will have to be determined at a later date through the discovery process. At this time, the Court must accept the Plaintiffs' allegations regarding the design as true.

In its order, the trial court ordered the City to either file an answer within thirty days or file an interlocutory appeal. The City's non-final appeal timely followed.

## ANALYSIS

The City contends the trial court erred by denying its motion to dismiss the plaintiffs' Second Amended Complaint where the negligence claim asserted against it involved a planning-level decision and therefore the claim is barred by sovereign immunity. Based on the allegations in the Second Amended Complaint, which this Court must accept as true,[1] and this Court's de novo review,[2] we disagree.

Here, the question is whether the plaintiffs' negligence action asserted against the City was premised on the City's planning-level decisions, which would provide immunity to the City, or operational-level decisions, which would not entitle the City to sovereign immunity. See Dep't of Transp. v. Neilson, 419 So. 2d 1071, 1075 (Fla. 1982) ("Commercial Carrier [Corp. v. Indian River Cnty., 371 So. 2d 1010 (Fla. 1979)] established that

---

[1] See Miami-Dade Cnty. v. Perez, 343 So. 3d 175, 177 n.2 (Fla. 3d DCA 2022) ("In considering a motion to dismiss, the trial court is bound by the four corners of the complaint and any attachments; it must accept as true the well-pled allegations of the complaint, and consider those allegations in a light most favorable to the plaintiff."); Sewell v. Racetrac Petroleum, Inc., 245 So. 3d 822, 825 (Fla. 3d DCA 2017) (stating that in reviewing the trial court's ruling on a motion to dismiss, "the truth of the allegations is assumed").

[2] See Perez, 343 So. 3d at 176 n.1 (stating that an appellate court reviews de novo a trial court's order denying a motion to dismiss based on sovereign immunity).

discretionary, judgmental, planning-level decisions were immune from suit, but that operational-level decisions were not so immune."). "Planning level functions are generally interpreted to be those requiring basic policy decisions, while operational level functions are those that implement policy." Com. Carrier Corp., 371 So. 2d at 1021.

Here, the plaintiffs' negligence claim against the City was not based on the City's decision to build the road or its design of the road, which constitutes a planning-level function and, therefore, would provide immunity to the City. See Neilson, 419 So. 2d at 1073 ("[T]he failure to install traffic control devices and the failure to upgrade an existing road or intersection, as well as the decision to build a road or roads with a particular alignment, are judgmental, planning-level functions and absolute immunity attaches."); see also Capo v. State Dep't of Transp., 642 So. 2d 37, 39 (Fla. 3d DCA 1994) (recognizing that the Florida Supreme Court has held that a government's "failure to properly plan, design, or upgrade roads or intersections . . . [are] policy-making, planning or judgmental governmental functions to which absolute immunity attaches" (citing Neilson, 419 So. 2d at 1074-75)). Rather, in the Second Amended Complaint, the plaintiffs alleged the City was negligent because it failed to construct the road as designed, which is an operational-level decision, and therefore, the City is not entitled to immunity.

This Court's decision in <u>Miami-Dade County v. Perez</u>, 343 So. 3d 175 (Fla. 3d DCA 2022), supports the trial court's ruling. Perez was a spectator at his son's baseball game at Tamiami Park. <u>Id.</u> at 176. A drunk driver crashed through a chain-linked fence and onto the baseball field, pinning Perez to the ground. As a result, both of Perez's legs were amputated. <u>Id.</u>

Perez filed suit against the County. <u>Id.</u> In Count I, Perez alleged the County was negligent in constructing the baseball field in an unapproved location, creating an unreasonably dangerous condition, and in Count II, Perez alleged that the County failed to warn of the dangerous condition. <u>Id.</u> The County moved to dismiss Perez's complaint, arguing it was entitled to sovereign immunity. <u>Id.</u> The trial court denied the motion, and the County appealed. <u>Id.</u>

This Court affirmed because the causes of actions alleged in Perez's complaint were premised on the County's alleged operational-level functions, not planning-level functions. In doing so, this Court explained, as stated above, that "[p]lanning level functions are generally interpreted to be those requiring basic policy decisions, while operational level functions are those that implement policy." <u>Id.</u> at 177 (quoting <u>Com. Carrier Corp.</u>, 371 So. 2d at 1021). In affirming, this Court relied on its decision in <u>Osorio v. Metropolitan Dade County</u>, 459 So. 2d 332, 333 (Fla. 3d DCA 1984),

recognizing that "while the county's decision to install a 'stop ahead' sign and the proper location for that sign constitute planning-level decisions which would be immune from suit, operational-level actions implementing those decisions would not be[.]" Perez, 343 So. 3d at 177.

Thus, based on this Court's decisions and review of the Second Amended Complaint, we affirm the trial court's well-reasoned and thorough order denying the City's motion to dismiss.

Affirmed.